COPY

1  David B. Abel (Bar No. 156744)
   David.Abel@dlapiper.com
2  Robert J. Benson (Bar No. 155971)
   Robert.benson@dlapiper.com
3  DLA PIPER LLP
4  1999 Avenue of the Stars, Suite 400
   Los Angeles, CA 90067-6023
5  Phone: (310) 595-3000
   Fax: (310) 595-3300
6

7  Attorneys for Plaintiff
   BOBRICK WASHROOM
8  EQUIPMENT, INC.

FILED
CLERK, U.S. DISTRICT COURT

SEP 1 7 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

9              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
10                 WESTERN DIVISION

11 BOBRICK WASHROOM                CASE NO. CV10 6938-SVW
   EQUIPMENT, INC., a California                    (PLAx)
12 Corporation,

13              Plaintiff,          COMPLAINT FOR TRADEMARK
                                    INFRINGEMENT AND UNFAIR
14     v.                           COMPETITION

15 AMERICAN SPECIALTIES, INC., a
   New York Corporation,
16
17              Defendant.

18

19

20

21

22

23

24

25

26

27

28

1

## **NATURE OF ACTION**

1.     Plaintiff Bobrick Washroom Equipment, Inc. ("Bobrick") seeks legal and equitable remedies for violations of the trademark laws of the United States, 15 U.S.C. § 1051 et seq. (also referred to as the "Lanham Act").  This action also asserts related state claims under both the statutory law and common law of the State of California.

## **PARTIES**

2.     Bobrick is a California corporation, having a principal place of business at 11611 Hart Street, North Hollywood, California 91605-5882.

3.     Bobrick is a manufacturer and seller of various washroom equipment, such as paper towel dispensers, waste receptacles, soap dispensers and toilet partitions.

4.     Upon information and belief, ASI is a New York corporation with offices located at 441 Saw Mill River Road, Yonkers, New York 10701.

5.     ASI is a manufacturer and seller of washroom equipment, including paper towel dispensers, waste receptacles and soap dispensers.

6.     ASI distributes its products through a nationwide network of distributors across the United States, including through independent sales representatives and distributors located in the State of California.

7.     ASI conducts business in interstate commerce in the United States, and in this judicial district.

8.     ASI distributes washroom products in the State of California through at least the following sister companies which are wholly-owned subsidiaries of ASI's parent company, ITR Industries, Inc.: Global Specialties Direct, Inc. (Oakland, CA), Global Specialties Direct, Inc. (Sacramento, CA), Global Specialties Direct, Inc. (San Jose, CA), and Global Specialties Direct, Inc. (Santa Fe Springs, CA).

## VENUE AND JURISDICTION

9.     This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367, in that this is a civil action involving claims arising under the laws of the United States, wherein all other state law claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.  This Court also has jurisdiction over the state law claims under the doctrine of supplemental jurisdiction, because the federal and state claims are based on the same operative facts, and judicial economy, convenience and fairness to the parties will result if this Court assumes and exercises jurisdiction over such state law claims.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

11.     This Court has personal jurisdiction over ASI as it has sold, and continues to sell, products and services in this judicial district and elsewhere in the State of California, and has committed tortious acts within the State of California and/or tortious acts outside the State of California which impact California residents.

## FACTUAL BACKGROUND

### *Bobrick's History of Innovation*

12.     Bobrick has been manufacturing and selling washroom products, such as soap dispensers, for over one hundred (100) years.  Over that time, Bobrick has become an industry leader in the design and manufacture of washroom products and accessories.

13.     Bobrick's founder, G.A. Bobrick, conceived the idea of the first liquid soap dispenser and was awarded a U.S. Patent for it in 1908.  Over the next fifty (50) years, Bobrick sold millions of soap dispensers in the sanitary supply market.

14.     In 1961, Bobrick introduced of a unique line of recessed stainless steel multi-purpose units.  An entirely new concept in washroom equipment, the multi-purpose units combined various washroom accessories into a single space-saving

1    cabinet.  These new units dramatically improved the appearance of the washroom,

2    made more efficient use of space and reduced installation and maintenance costs.

3    15.    Since the 1960s, Bobrick made tremendous strides developing three

4    complete lines of washroom accessories and toilet partitions.

5    16.    In 1986, Bobrick introduced its AirCraft® recessed and surface-mounted

6    warm air hand and hair dryers, including the industry's first Underwriters

7    Laboratories (UL) listed automatic hand dryer, featuring indestructible cast iron

8    with vitreous enamel covers.

9    *Bobrick Introduces The Contura Series®*

10    17.    In 1993, Bobrick introduced a revolutionary new series of washroom

11    products which all shared the unique product configuration having a contoured

12    front face in the shape of a convex arc (hereinafter the "Contura Series®").  The

13    Contura Series® washroom products were an instant success with consumers due

14    in part to Bobrick's unique convex arc design.

15    18.    The convex arc shape of the Contura Series® is purely aesthetic, and non-

16    functional.

17    19.    Since introduction, Bobrick has actively marketed and promoted the Contura

18    Series® in interstate commerce.

19    20.    The convex arc shape of the Contura Series® has been prominently featured

20    in Bobrick's advertising and marketing materials since 1993.  From 1993 until

21    today, Bobrick has spent well over two-million-six-hundred-thousand dollars

22    ($2,600,000.00) on advertising displaying the convex arc shape of the Contura

23    Series®, and has sold over two-million-seven-hundred-thousand (2,700,000) units.

24    21.    The convex arc product configuration of the Contura Series® has acquired

25    secondary meaning through over seventeen (17) years of substantially continuous

26    and exclusive use in interstate commerce.

27    22.    Since 1993, Bobrick has enjoyed the goodwill associated with the convex

28    arc product configuration of the Contura Series®.

23.     In 2003, Bobrick sought trademark protection for the convex arc product configuration of the Contura Series® of products, and was granted U.S. Trademark Reg. No. 2,951,014 on such unique product configuration or about May 17, 2005 (hereinafter the "'014 Registration"). A copy of the '014 Registration is attached hereto as Exhibit A.

24.     The '014 Registration became incontestable on July 26, 2010. A copy of the U.S. Trademark Office's Acceptance of the '014 Registration's Declaration of Incontestability is attached hereto as Exhibit E.

*ASI's Roval Line*

25.     ASI recently introduced a line of washroom products which are strikingly similar to Bobrick's Contura Series® (hereinafter the "Roval Line").

26.     ASI first introduced the Roval Line in a Press Release dated September 28, 2009 which was posted on ASI's website.

27.     ASI distributed brochures and other marketing materials on the Roval Line at the ISSA Interclean Trade Show in Chicago, Illinois, which took place from October 7-9, 2009 (the "ISSA Show").

28.     A representative of Bobrick (Dikran Babikian) approached a representative of ASI (Peter Rolla) at the ISSA Show regarding the Roval Line, and was informed that the line would be launched "within two weeks."

29.     When Babikian asked Rolla if he was concerned about violating Bobrick's intellectual property rights, Rolla responded that he was not concerned because all of Bobrick's patents were expired.

30.     At least one other attendee of the ISSA Show noted to Babikian that he thought the Roval Line was associated with Bobrick.

31.     At the time of the ISSA Show, ASI was aware that Bobrick had previously sought and obtained design patents and trademarks in connection with the Contura Series® products, and that Bobrick valued its intellectual property and other proprietary rights in the Contura Series®. Despite these facts, ASI failed to

perform a complete review of Bobrick's intellectual property assets before launching the Roval Line at the ISSA Show. If ASI had performed such a review, it would have identified the '014 Registration.

32.     Upon information and belief, although ASI introduced the Roval Line at the ISSA Show, ASI did not have actual products available for shipment to customers until May 2010.

33.     After several months of trying to obtain sample products from the Roval Line, Bobrick finally obtained such products on or about May 24, 2010, and began the process of examining them against the Contura Series® and the '014 Registration. Due to the sheer number of products copied, this process took several months to complete.

34.     The Roval Line has a contoured face and overall appearance that is substantially identical to the convex arc product configuration of the Contura Series®, which is protected by the '014 Registration.

35.     Attached hereto as Exhibit B are photographs of various products from the Contura Series® and the Roval Line, which show the striking similarity in appearance between the products of both lines.

36.     As shown in Exhibit B, the product configuration of the Roval Line is substantially identical to that of the Contura Series® that had been on sale for over seventeen (17) years prior to the introduction of the Roval Line.

37.     Attached hereto as Exhibit C are copies of one-page advertisements for the Contura Series® and the Roval Line, which show the striking similarity in appearance between the products. The advertisements even show the Contura Series® and the Roval Line products photographed from similar perspective angles, thus further emphasizing the convex arc product configuration of the Contura Series® that was copied by ASI.

38.     Like the Contura Series®, the Roval Line has a contoured product configuration with a convex arc-shaped front face.

39.    ASI distributes washroom products with the following model numbers as part of the Roval Line which include a convex arc product configuration identical to that of the Contura Series®: 204684 (sanitary napkin and tampon dispenser), 204684-9 (sanitary napkin and tampon dispenser), 20030 (toilet tissue dispenser), 20031 (toilet tissue dispenser), 20477-SM (seat cover dispenser), 20826 (waste receptacle), 20852 (waste receptacle), 20210 (paper towel dispenser), 20452 (paper towel dispenser), 20458 (semi-recessed waste receptacle), 20469 (paper towel dispenser and waste receptacle), and 20469-9 (paper towel dispenser and waste receptacle).

40.    ASI even went so far as to reproduce Bobrick's instructions and illustrations from Bobrick's instruction label for the Contura Series®: 204684 (sanitary napkin and tampon dispenser) and 204684-9 (sanitary napkin and tampon dispenser) products.  See, Exhibit D.

41.    Upon information and belief, ASI distributes its washroom products, including the Roval Line, through a network of independent sales representatives and distributors throughout the United States.

42.    Upon information and belief, Bobrick and ASI share the same channels of trade with respect to their washroom products, and in some cases share the same distributors.

43.    Upon information and belief, Bobrick and ASI share common end customers, which include but are not limited to architects, general contractors, building developers, building owners and building managers.

44.    Upon information and belief, ASI had knowledge of the Bobrick's Contura Series® prior to the development of the Roval Line.

45.    Upon information and belief, ASI had knowledge that the unique product configuration of Bobrick's Contura Series® was subject to intellectual property protection prior to the development of the Roval Line.

46.     Upon information and belief, ASI will continue to willfully infringe Bobrick's intellectual property rights in the Contura Series® unless enjoined. Accordingly, Bobrick has filed the present lawsuit.

## COUNT I

### (Trademark Infringement Under Section 32 of the Lanham Act)

47.     Bobrick hereby restates and incorporates the allegations of foregoing Paragraphs 1-46.

48.     Bobrick owns all right, title and interest in and to the '014 Registration.

49.     ASI is improperly and willfully infringing the '014 Registration in interstate commerce through the advertising, promotion, sale and distribution of washroom products in the Roval Line.

50.     For example, ASI has used and copied the convex arc product configuration described in the '014 Registration at trade shows, on marketing materials, and on its website, all in connection with the Roval Line.

51.     ASI's use in interstate commerce of the product designs that are virtually identical to the product configuration described in the '014 Registration is likely to cause confusion or deception of consumers as to the source, origin, or sponsorship of the washroom products in the Roval Line in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114). Particularly, customers are likely to purchase ASI's washroom products believing them to be those of Bobrick, thereby resulting in a loss of goodwill and sales to Bobrick.

52.     ASI's conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

53.     As a direct and proximate result of ASI's conduct, Bobrick has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

54.     Bobrick has no adequate remedy at law, and unless enjoined by this Court, ASI will continue to engage in such acts of trademark infringement, to the irreparable damage and injury of Bobrick.

55.     Upon information and belief, ASI has engaged in the above-referenced acts of trademark infringement with full knowledge of Bobrick's exclusive rights in the '014 Registration, and ASI continues in such acts of intentional infringement, thus making this case exceptional and entitling Bobrick to an award of treble its actual damages, plus attorneys' fees in bringing and maintaining this action.

## COUNT II

### (Unfair Competition by False Designation of Origin Under Section 43(a) of the Lanham Act)

56.     Bobrick hereby restates and incorporates the allegations of foregoing Paragraphs 1-55.

57.     The convex arc product configuration of the Contura Series® operates as an indicator of source and/or origin, and has acquired distinctiveness via secondary meaning.

58.     The convex arc product configuration of the Contura Series® is valid and subsisting and has been in continuous and exclusive use throughout the United States, by Bobrick, since at least as early as 1993.

59.     The convex arc product configuration of the Contura Series® is non-functional and distinctive in the minds of the relevant purchasers of Bobrick's goods and services as being associated exclusively with Bobrick.

60.     ASI, through their use, display and copying of the product configuration of the Contura Series®, has without authorization, in connection with their goods and/or services in commerce, made or contributed to the making of false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association of ASI with Bobrick,

and/or as to the origin, sponsorship or approval of ASI's goods and/or services, in violation of Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)).

61.     Consumers are likely to purchase washroom products in the Roval Line believing that ASI is affiliated, connected or associated with Bobrick, resulting in a loss of goodwill to Bobrick.

62.     ASI's acts as set forth herein constitute unfair competition, and/or induce or contribute to acts of unfair competition.

63.     ASI's unfair acts have been committed in bad faith and with the intent to cause confusion, mistake and/or to deceive.

64.     As a direct and proximate result of ASI's conduct, Bobrick has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

65.     Bobrick has no adequate remedy at law because the convex arc product configuration of the Contura Series® is unique and represents to the public Bobrick's identity, reputation, and goodwill, such that damages alone cannot fully compensate Bobrick for ASI's misconduct.

66.     Unless enjoined by this Court, ASI and those acting in concert with them will continue to infringe Bobrick's intellectual property rights in the convex arc product configuration of the Contura Series®, to Bobrick's irreparable injury. This threat of future injury to Bobrick's business identity, goodwill, and reputation requires injunctive relief to prevent ASI's continued use of the convex arc product configuration of the Contura Series® and/or product configurations confusingly similar thereto, and to ameliorate and mitigate Bobrick's injuries.

67.     Upon information and belief, ASI has engaged in the above-referenced acts of unfair competition with knowledge of Bobrick's exclusive rights in the convex arc product configuration of the Contura Series®, and ASI will continue in such acts unless enjoined by this Court.

## COUNT III

### (Common Law Unfair Competition)

68.     Bobrick hereby restates and incorporates the allegations of foregoing Paragraphs 1-67.

69.     Bobrick owns and enjoys common law trademark rights in the convex product configuration of the Contura Series® in the State of California, and throughout the United States.

70.     The convex arc product configuration of the Contura Series® operates as an indicator of source and/or origin, particularly when used in interstate commerce. Moreover, the convex arc product configuration of the Contura Series® has acquired distinctiveness via secondary meaning.

71.     ASI, through their use, display and copying of the convex arc product configuration of the Contura Series® has without authorization, in connection with their goods and/or services in commerce, made or contributed to the making of false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association of ASI with Bobrick, and/or as to the origin, sponsorship or approval of ASI's goods and services in violation of the common law of the State of California.

72.     Consumers are likely to purchase washroom products from the Roval Line believing that ASI is affiliated, connected or associated with Bobrick, resulting in a loss of goodwill to Bobrick.

73.     ASI's acts as set forth herein constitute unfair competition, and/or induce or contribute to acts of unfair competition.

74.     ASI's unfair acts have been committed in bad faith and with the intent to cause confusion, mistake and/or to deceive.

75.     As a direct and proximate result of ASI's conduct, Bobrick has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

76.     Upon information and belief, ASI's acts of unfair competition are, and have been, oppressive, fraudulent and malicious, thus entitling Bobrick to punitive damages pursuant to Cal. Civ. Code § 3294.

77.     Bobrick has no adequate remedy at law because the convex arc product configuration of the Contura Series® is unique and represents to the public Bobrick's identity, reputation, and goodwill, such that damages alone cannot fully compensate Bobrick for ASI's misconduct.

78.     Unless enjoined by this Court, ASI and those acting in concert with them will continue to infringe Bobrick's intellectual property rights in the convex arc product configuration of the Contura Series®, to Bobrick's irreparable injury. This threat of future injury to Bobrick's business identity, goodwill, and reputation requires injunctive relief to prevent ASI's continued use of the convex arc product configuration of the Contura Series® and/or product configurations confusingly similar thereto, and to ameliorate and mitigate Bobrick's injuries.

79.     Upon information and belief, ASI has engaged in the above-referenced acts of unfair competition with knowledge of Bobrick's exclusive intellectual property rights in the convex arc product configuration of the Contura Series®, and ASI will continue in such acts unless enjoined by this Court.

## COUNT IV

### (Violation of Cal. Bus. & Prof. Code § 17200 et seq.)

80.     Bobrick hereby restates and incorporates the allegations of foregoing Paragraphs 1-79.

81.     ASI's business practices as alleged herein are unfair and offend public policy as they are unlawful, unfair, unscrupulous, and substantially injurious to Bobrick and consumers.

82.     The above-referenced acts by ASI constitute unfair competition and unfair business practices in violation of Section 17200 et seq. of the California Business and Professions Code.

83.     Pursuant to California Business and Professions Code Section 17203, Bobrick is entitled to enjoin these practices.

84.     Without injunctive relief, Bobrick has no means by which to control ASI's deceptive and confusing use and advertising of its trademarks.  Bobrick is therefore entitled to injunctive relief prohibiting ASI from continuing such acts of unfair competition, and appropriate restitution remedies, pursuant to California Business and Professions Code Section 17203.

## COUNT V

### (Unjust Enrichment)

85.     Bobrick hereby restates and incorporates the allegations of foregoing Paragraphs 1-84.

86.     Bobrick invested substantial time, labor and money in the design and production of the Contura Series®.

87.     ASI has wrongfully misappropriated the unique features of the Contura Series®, and has profited from and received certain other benefits as a result of such wrongful misappropriation.

88.     ASI has been unjustly enriched at Bobrick's expense.

89.     It would be inequitable to allow ASI to retain the profits and other benefits it acquired through its wrongful actions.

90.     Accordingly, Bobrick is entitled to restitution in the amount of ASI's unjust enrichment.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Bobrick Washroom Equipment, Inc., requests the following relief against Defendant ASI, as well as its employee and/or agents:

A.    Entry of a judgment that:

    1.    ASI has infringed Bobrick's federal trademark rights in the Contura Series® product configuration;

    2.    ASI's sale of the products in the Roval Line constitutes unfair competition under Section 43(a) of the Lanham Act;

    3.    ASI has infringed Bobrick's common law trademark rights in the Contura Series® product configuration;

    4.    ASI's sale of the products in the Roval Line constitutes common law unfair competition;

    5.    ASI's sale of the products in the Roval Line violates §17200 et seq. of the California Business & Professional Code; and

    6.    ASI has been unjustly enriched by the sale of the products in the Roval Line.

B.    Entry of judgment that ASI's acts of trademark infringement and unfair competition detailed herein have been, and continue to be, willful and deliberate.

C.    Entry of preliminarily and permanent injunctions enjoining ASI, their agents, servants and employees, and those people in active concert or participation with it from:

    1.    using, infringing, contributing to, or inducing infringement of the Bobrick's registered and common law trademarks and service marks, including but not limited to the '014 Registration;

    2.    using any false designation, description or representation regarding the source or sponsorship of its goods and/or services, or stating or implying that ASI or its agents are connected with the goods and/or services of Bobrick, thereby damaging Bobrick's goodwill and reputation;

3.     causing a likelihood of confusion or misunderstanding as to the source or sponsorship of ASI's business and/or ASI's goods or services, including but not limited to causing a likelihood of confusion or misunderstanding as to ASI's affiliation, connection or association with Bobrick or any of Bobrick's goods and/or services;

4.     diluting the power and significance of the famous product configuration described in the '014 Registration; and

5.     otherwise infringing Bobrick's common law and registered trademarks and service marks, or otherwise unfairly competing with Bobrick.

D.     Entry of judgment requiring ASI to offer up for destruction all articles, displays, advertisements, labels, signs, prints, packages, packaging, wrappers, receptacles, brochures, catalogs, plates, molds, uniforms, and logo items in its possession or control (including but not limited to all products and marketing materials associated with the Roval line) which display a product which is identical to, or confusingly similar with, Bobrick's protected product configuration trade dress, as provided by Section 36 of the Lanham Act (15 U.S.C. §1118).

E.     Entry of judgment requiring ASI to file with the Court and to serve upon Bobrick's counsel within thirty (30) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which it has complied with such injunction or order pursuant to Section 34 of the Lanham Act (15 U.S.C. §1116(a)).

F.     Entry of judgment:

1.     awarding Bobrick such actual damages as it has sustained by reason of ASI's acts of trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. §1114) (including, but not limited to, a disgorgement of ASI's profits, Bobrick's lost profits, and the costs of this action);

2.     awarding Bobrick treble its actual damages for such trademark infringement;

1        3.     awarding Bobrick its attorney's fees in bringing and maintaining this

2  action, which should be deemed exceptional, for such trademark infringement; and

3        4.     requiring ASI to account to Bobrick for any and all profits derived by

4  it from sales of product in the Roval Line, and to compensate Bobrick for all

5  damages sustained by reason of such trademark infringement and the other acts

6  complained of herein; all pursuant to Section 35 of the Lanham Act (15 U.S.C.

7  §1117).

8  G.    Entry of judgment:

9        1.     awarding Bobrick such actual damages as it has sustained by reason

10  of ASI's acts of unfair competition in violation of Section 43(a)(1)(A) of the

11  Lanham Act (15 U.S.C. §1125(a)(1)(A)) (including, but not limited to, a

12  disgorgement of ASI's profits, Bobrick's lost profits, and the costs of this action);

13        2.     awarding Bobrick treble its actual damages or such acts of unfair

14  competition;

15        3.     awarding Bobrick its attorney's fees in bringing and maintaining this

16  action, which should be deemed exceptional, for such acts of unfair competition;

17  and

18        4.     requiring ASI to account to Bobrick for any and all profits derived by

19  it from sales of product in the Roval Line, and to compensate Bobrick for all

20  damages sustained by reason of such acts of unfair competition and the other acts

21  complained of herein; all pursuant to Section 35 of the Lanham Act (15 U.S.C.

22  §1117).

23  H.    Entry of judgment ordering ASI to compensate Bobrick for the advertising

24  or other expenses necessary to dispel any confusion caused by ASI's trademark

25  infringement, unfair competition and other unlawful acts (including but not limited

26  to the costs of an appropriate corrective advertising campaign), pursuant to Section

27  35 of the Lanham Act (15 U.S.C. §1117).

28

I.      Entry of judgment awarding Bobrick such damages as it has sustained by reason of ASI's acts of common law unfair competition, including but not limited to compensatory damages, attorneys' fees, costs and/or punitive damages (as provided for under Cal. Civ. Code § 3294).

J.      Entry of judgment awarding Bobrick such damages as it has sustained by reason of ASI's acts of unfair competition pursuant to Section 17200 et seq. of the California Business and Professions Code.

K.      Entry of judgment awarding Bobrick the amount of ASI's unjust enrichment.

L.      Affording Bobrick such further and other relief as this Court may deem just and proper.


DATED: September 17, 2010          DLA PIPER LLP

                                   _____
                                   David B. Abel (Bar No. 156744)
                                   Robert J. Benson (Bar No. 155971)
                                   1999 Avenue of the Stars, Suite 400
                                   Los Angeles, CA 90067-6023
                                   Phone: (310) 595-3000
                                   Fax: (310) 595-3300
                                   David.Abel@dlapiper.com
                                   Robert.Benson@dlapiper.com

                                   Attorneys for Plaintiff *Bobrick Washroom Equipment, Inc.*

OF COUNSEL:

Carl A. Hittinger
Darius C. Gambino
DLA PIPER LLP
1650 Market St., Suite 4900
Philadelphia, PA 19103
Telephone: (215) 656-3300
Facsimile: (215) 656-3301
darius.gambino@dlapiper.com

**EXHIBIT A**

Int. Cls.: 6, 9 and 21

Prior U.S. Cls.: 2, 12, 13, 14, 21, 23, 25, 26, 29, 30, 33, 36, 38, 40 and 50

## United States Patent and Trademark Office

Reg. No. 2,951,014

Registered May 17, 2005

## TRADEMARK
### PRINCIPAL REGISTER



BOBRICK WASHROOM EQUIPMENT, INC. (CA-LIFORNIA CORPORATION)
11611 HART STREET
NORTH HOLLYWOOD, CA 916055882

FOR: METAL ACCESSORIES, NAMELY, TOILET TISSUE DISPENSERS AND TOILET SEAT COVER DISPENSERS , IN CLASS 6 (U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

FIRST USE 6-15-1993; IN COMMERCE 6-20-1993.

FOR: SANITARY NAPKIN/TAMPON VENDING MACHINES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-15-1993; IN COMMERCE 6-20-1993.

FOR: METAL WASHROOM ACCESSORIES, NAMELY, PAPER TOWEL DISPENSERS, WASTE PAPER RECEPTACLES, SOAP DISPENSERS, SANI-TARY NAPKIN DISPOSALS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 6-15-1993; IN COMMERCE 6-20-1993.

THE MARK CONSISTS OF THE SHAPE OF THE FRONT FACE OF A WASHROOM PRODUCT, THE FRONT FACE HAVING A CONVEX "ARC" SHAPE AS VIEWED FROM ABOVE. THE HEIGHT OF THE FRONT FACE IS EXEMPLARY ONLY AND CAN BE TALLER OR SHORTER DEPENDING ON THE PRODUCT. THE MATTER SHOWN IN BROKEN LINES IS THE PORTION OF THE PRODUCT THAT IS NOT CLAIMED AS PART OF THE MARK, WHICH INCLUDES ANY OPENINGS, WINDOWS, LOCKS OR OTHER COMPONENTS IN THE FRONT FACE OF THE WASHROOM PRODUCT.

SEC. 2(F).

SER. NO. 76-553,272, FILED 10-2-2003.

KEVON CHISOLM, EXAMINING ATTORNEY

**EXHIBIT B**

# Contura™ Series



**B-4369**
ConturaSeries® Recessed Paper Towel
Dispenser/Waste Receptacle

**B-43699**
ConturaSeries® Surface-Mounted Paper Towel
Dispenser/Waste Receptacle

**B-43944**
ConturaSeries® Recessed Paper Towel
Dispenser/Waste Receptacle

**B-43949 ConturaSeries®**
Surface-Mounted Paper Towel Dispenser/Waste Receptacle



**B-4262 ConturaSeries®**
Surface-Mounted Paper Towel Dispenser

**B-4362 ConturaSeries®**
Recessed Paper Towel Dispenser

**B-43500 25**
ConturaSeries® Recessed Sanitary Napkin/Tampon
Vendor

**B-435009 25 ConturaSeries® Surface-**
Mounted Sanitary Napkin/Tampon Vendor

**B-43500X2 50**
ConturaSeries® Recessed Sanitary Napkin/Tampon
Vendor

**B-270 ConturaSeries® Surface-**
Mounted Sanitary Napkin Disposal



**B-4354**
**ConturaSeries® Partition-Mounted Sanitary Napkin Disposal**

**B-4288 ConturaSeries®**
**Surface-Mounted Multi-Roll Toilet Tissue Dispenser**

**B-4388**
**ConturaSeries® Recessed Multi-Roll Toilet Tissue Dispenser**

**B-4221 ConturaSeries®**
**Surface-Mounted Seat-Cover Dispenser**

**B-277 ConturaSeries®**
**Surface-Mounted Waste Receptacle**

**B-43644 ConturaSeries® Waste Receptacle**

## ROVAL SERIES PRODUCTS



SURFACE MOUNTED TWIN HIDE-A-ROLL TOILET TISSUE DISPENSER
20030
Holds two rolls up to 5 1/4" (133 mm) diameter (double roll capacity 3600 sheets). Top roll automatically drops in place when bottom roll is used up. Type 304 satin finish stainless steel cabinet and mechanism. Theft-resistant spindles with integral plated steel endpins.
SIMILAR PRODUCTS:
20031
Same as 20030 but with flange for semi-recessing.


Overall Size
6 1/16" W x 12 1/8" H x 6 1/2" D (154 x 308 x 165 mm)

see large



**PAPER TOWEL DISPENSER**
<u>20452</u>
Dispenses 600 C-fold or 800 multi-fold paper towels. Door fabricated of 18 gauge type 304 drawn one piece stainless steel with satin finish. Door secured with 3/16" staked piano hinge and flush tumbler lock.
Wall Opening:
11 3/16" W x 26 1/4" H x 4" D (284 x 667 x 102 mm)

<u>see large</u>



**SEMI-RECESSED REMOVABLE WASTE RECEPTACLE**
<u>20458</u>
Easy maintenance — removable stainless steel waste receptacle locks into cabinet with a tumbler
lock for security. Capacity 11.2 gal. (42.6 L). Fabricated of 20 gauge type 304 stainless steel
with satin finish.
Wall Opening:
15 5/8" W x 26 5/16" H x 4" D (397 x 668 x 102 mm)

🔍<u>see large</u>



RECESSED PAPER TOWEL DISPENSER AND REMOVABLE WASTE RECEPTACLE
204623
Dispenses 350 C-fold, 475 multi-fold paper towels. 2.96 gal. (11.2 L) removable stainless steel waste receptacle with a tumbler lock. 18 gauge type 304 stainless steel door in a satin finish with a flush lock and a heavy-duty 3/16" staked piano hinge on door.
SIMILAR PRODUCTS:
204623-9
Same as 204623 but with collar for surface mounting.


Wall Opening:
12 3/4" W x 26 1/2" H x 4 1/4" D (325 x 670 x 110 mm)

🔍 see large



RECESSED DUAL SANITARY NAPKIN AND TAMPON DISPENSER
204684
Dispenses 31 napkins and 22 tampons. Door made of 18 gauge type 304 satin finish stainless steel, with two flush tumbler locks. Universal coin mechanism is convertible for 25 cents, 50 cents or FREE (no coin) operation. Coin boxes have different lock and key than doors.
SIMILAR PRODUCTS:
204684-9
Same as 204684 but with collar for surface mounting.


Wall Opening:
15 5/8" W x 25 7/8" H x 4" D (397 x 657 x 102 mm)

🔍 see large



RECESSED PAPER TOWEL DISPENSER AND REMOVABLE WASTE RECEPTACLE
20469
Dispenses 600 C-fold or 800 multi-fold paper towels. 14.8 gal. (56 L) removable waste receptacle. Door made of 18 gauge type 304 stainless steel with a heavy-duty 3/16" staked piano hinge.
SIMILAR PRODUCTS:
20469-9
Same as 20469 but with collar for surface mounting.


Wall Opening:
15 3/4" W x 54 1/2" H x 4" D (400 x 1384 x 102 mm)

🔍see large



SURFACE MOUNTED SEAT COVER DISPENSER
20477-SM
Dispenses 250 seat covers. Fabricated of 20 gauge type 304 stainless steel with a satin finish.

🔍 see large



SURFACE MOUNTED WASTE RECEPTACLE
20826
Receptacle front and sides fabricated of 20 gauge type 304 stainless steel with satin finish.
Capacity 11 gal. (42 L).

🔍 see large



SURFACE MOUNTED SANITARY WASTE RECEPTACLE
20852
Lid and cabinet are each drawn one piece construction. Lid is secured to the cabinet with a heavy-duty 9/64" multi-staked concealed piano hinge.

🔍 see large

**EXHIBIT C**



**Green, prudent... and beautiful.**

ConturaSeries® Restroom Accessories: Seamless curvilinear monoform design with 27° arcs and complementary radiuses. 50%+ recycled stainless steel. Hygienic, universal recycled paper towel dispensing. Freedom from proprietary purchasing agreements. Lifecycle economies. © 2008 Bobrick Washroom Equipment, Inc., 800.553.1600, bobrick.com

EXHIBIT C
31

# THE ROVAL™ COLLECTION

American Specialties is proud to introduce its newest line of washroom accessories, featuring more than 20 complementary products.

Visit americanspecialties.com/roval for the Roval™ Collection catalog

**ROVAL**™

by

CIRCLE 12

EXHIBIT C
32



# THE ROVAL™ COLLECTION

American Specialties is proud to introduce its newest line of washroom accessories.

When you specify Roval™, you can expect washroom accessories that are:

- Aesthetically pleasing
- Functionally superior
- Quickly installed
- Easily maintained
- Competitively priced

*Removable Waste Receptacles*

**Visit americanspecialties.com/roval for the Roval™ Collection catalog**

ROVAL™
by ASI

CIRCLE 16

EXHIBIT C
33

**EXHIBIT D**

# INSTRUCTIONS FOR INSTALLATION

BOBRICK SANITARY NAPKIN/TAMPON VENDORS – MODELS B-2800, B-2800x2, B-3500,
B-3500X2, B-43500, B-43500X2, AND B-453009



Model B-3500 Shown

**CAPACITY:**

Napkin — 31 products
Size: 3" x 1" x 4-1/4" (75 x 25 x 110mm)

Tampon — 22 products
Size: 5-1/8" L x 11/16" (130 x 17mm)

**DOOR LOCK & KEY:**

| (upper) | (lower) |
|---------|---------|
| 2800-28 | 2800-48 (Lock Only) |
| 3500-94 | 3500-99 |
| 43500-24 | 43500-24 |

**CONVERSION OF COIN MECHANISMS:**
Order kit(s)

| | |
|---|---|
| 25¢ Coin Plates | 3500-156 |
| 50¢ Coin Plates | 3500x2-177 |
| Free Coin Plates | 3500-157 |

# TO CONVERT COINAGE

Remove tampon magazine, then napkin magazine, by removing two (2) hex nuts (234-47) per magazine using
a 3/8" socket with a 6" extension.

Follow desired coinage conversion below:

| COINAGE | 25¢ SINGLE-COIN OPERATION | FREE NO-COIN OPERATION | 50¢ DOUBLE-COIN OPERATION |
|---------|---------------------------|------------------------|----------------------------|
| **RIGHT-HAND FACE OF COIN MECHANISM** KEY: ⊗ #6-32 x 3/4" Screw ⊛ #10 x 3/8" Screw ⊕ #10 x 5/8" Screw (Supplied in Conversion Kits) | | Replace with #10 x 5/8" Screw | Remove #6-32 x 3/4" Screw |
| **LEFT-HAND FACE OF COIN MECHANISM** KEY: ⊖ Screw-thread location | | Upper and lower coin pawls should not be in contact with coin barrel while installing the holding screws | Both upper and lower coin pawls should be in contact with coin barrel. |



© 2006 Bobrick Washroom Equipment, Inc.
Form No. 3500-167 Series C  Revised 7/06   Printed In U.S.A.

In the U.S.A.: BOBRICK WASHROOM EQUIPMENT, INC.
200 Commerce Drive, Clifton Park, New York 12065-1350 • Tel: 518/877-7444 • FAX: 518-877-5029
11611 Hart Street, North Hollywood, California 91605-5882 • Tel: 818/982-9600 • FAX: 818-503-1102
100 Bobrick Drive, Jackson, Tennessee 38301-5825 • Tel: 731/424-7000 • FAX: 731-424-7800

In Canada: BOBRICK WASHROOM EQUIPMENT COMPANY
45 Rolark Drive, Scarborough, Ontario M1R 3B1 • Tel: 416/298-1611 • FAX: 416-298-6351



# COIN DENOMINATION CONVERSION INSTRUCTIONS

| Coinage | 25 Cents Single Coin Operation | Free No Coin Operation | 50 Cents 2 Coin Operation |
|---|---|---|---|
| Right-Hand Face of Coin Mechanism | | | |
| Left-Hand Face of Coin Mechanism | | | |



## INSTALLATION INSTRUCTIONS
### SANITARY NAPKIN/TAMPON DISPENSER MODEL 204694

Cabinet may be installed in RWO using top two (2) back and bottom two (2) side mounting holes using appropriate shim and four (4) № 10 x 3/4" (M5 x 19) self-tapping pan head screws (by others). For installation using only side mounting holes the track assemblies should be removed to access the top two (2) side mounting holes. Sequence for this alternate method is to a) remove coin boxes, b) remove Tampon track assembly, c) remove Napkin tracks assembly. The track assemblies are held in the cabinet with two (2) each hex nuts and nylon washers per assembly. Use a 3/8" hex socket and extension. Reverse sequence for reinstallation.

Napkin Track Assembly

Nylon Washer (4)

Shuttle Box Weight

Coin Box (2)

Napkin Weight

Tampon Weight

Tampon Track Assembly

Hex Nut (4)

**AMERICAN SPECIALTIES, INC.**
441 Saw Mill River Road, Yonkers, NY 10701
(914) 476-9000   WWW.AMERICANSPECIALTIES.COM

**EXHIBIT E**

Side - 1



## NOTICE OF ACCEPTANCE AND ACKNOWLEDGEMENT OF §§8 & 15 DECLARATION
MAILING DATE: Jul 26, 2010

The combined declaration of use and incontestability filed in connection with the registration identified below meets the requirements of Sections 8 and 15 of the Trademark Act, 15 U.S.C. §1058 and 1065. The combined declaration is accepted and acknowledged. The registration remains in force.For further information about this notice, visit our website at: http://www.uspto.gov. To review information regarding the referenced registration, go to http://tarr.uspto.gov.

REG NUMBER:        2951014
MARK:              MISCELLANEOUS DESIGN
OWNER:             BOBRICK WASHROOM EQUIPMENT, INC.

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA  22313-1451

FIRST-CLASS
MAIL
U.S POSTAGE
PAID

Lauren E. Schneider
CHRISTIE, PARKER & HALE, LLP
P.O. BOX 7068
PASADENA, CA   91109-7068

EXHIBIT E
36

## <u>VERIFICATION</u>

I, MARK LOUCHHEIM, declare and aver as follows:

1.      I am President of Bobrick Washroom Equipment, Inc., the Plaintiff in this action.  I have read the foregoing Complaint for Trademark Infringement and Unfair Competition ("Complaint"), and know the contents thereof.  Except as stated upon information and belief, I have knowledge of the matters stated in the Complaint, and believe them to be true.

2.      Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: September 16, 2010                    By:  _____

                                                        Mark Louchheim

18

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV10- 6938 SVW (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
| --- | --- | --- |

Failure to file at the proper location will result in your documents being returned to you.

COPY

Name & Address:
David B. Abel (SBN 156744)
Robert J. Benson (SBN 155971)
DLA Piper LLP (T: 310.595.3000; F: 310.595.3300)
1999 Avenue of the Stars, Suite 400
Los Angeles, CA 90067-6023

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC., a California corporation, <br><br> PLAINTIFF(S) <br><br> v. <br><br> AMERICAN SPECIALTIES, INC., a New York Corporation, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV10 6938-SVW(PLAx)** <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): AMERICAN SPECIALTIES, INC.

      A lawsuit has been filed against you.

      Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Robert J. Benson, DLA Piper LLP      , whose address is 1999 Avenue of the Stars, Suite 400, Los Angeles, CA 90067-6023      . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   **17 SEP 2010**

By:   **MARILYN DAVIS**
      Deputy Clerk

      (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC., a California Corporation | AMERICAN SPECIALTIES, INC., a New York Corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| David B. Abel (SBN 156744); Robert J. Benson (SBN 155971) DLA Piper (Tel: 595-3000; Fax: 595-3300) 1999 Avenue of the Stars, #400, Los Angeles, CA 90067-6023 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark infringement and unfair competition under Sections 32 and 43(a)(1)(A) of the Lanham Act (15 U.S.C. §§ 1114, 1125(a)(1)(A)) and related state law claims.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV10 6938**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| New York | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Robert K Denson_   Date September 17, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |