Robert J. Benson (Bar No. 155971)
**robert.benson@dlapiper.com**
DLA PIPER LLP (US)
1999 Avenue of the Stars, Suite 400
Los Angeles, CA 90067-6023
Phone: (310) 595-3000
Fax: (310) 595-3300

Darius C. Gambino – *admitted pro hac vice*
**darius.gambino@dlapiper.com**
DLA PIPER LLP (US)
1650 Market St., Suite 4900
Philadelphia, PA 19103
Telephone: (215) 656-3300
Facsimile: (215) 656-3301

Attorneys for Plaintiff
BOBRICK WASHROOM
EQUIPMENT, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN SPECIALTIES, INC., a New York Corporation, <br><br> Defendant. | CASE NO.:  CV-10-6938-SVW (PLAx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Complaint Filed:  September 17, 2010 <br><br> Counterclaims Filed:  December 23, 2010 <br><br> Judge:  The Honorable Stephen V. Wilson <br><br> Dept.:  6 |

1    Plaintiff Bobrick Washroom Equipment, Inc. ("Bobrick") and Defendant
2    American Specialties, Inc. ("ASI")'s hereby consent to the terms and conditions of
3    the foregoing Stipulated Protective Order (the "Protective Order").  The Protective
4    Order shall govern the handling of documents, depositions, pleadings, exhibits, and
5    all other information exchanged by the parties in the above-captioned Civil Action
6    (the "Action") or provided by or obtained from non-parties to the Action.  Any
7    future parties to this Action may join in this Protective Order and be fully bound by
8    it and entitled to all the rights and protections of it.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER

## **SCOPE**

1.      This Protective Order shall apply to all documents, depositions, pleadings, exhibits, and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence, and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party, or witness in connection with this Action ("Discovery Material").

2.      As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

## **DESIGNATION**

3.      Any Producing Party may designate in good faith Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (together, "Confidential Material") in accordance with this Protective Order.  The burden of establishing that Discovery Material is Confidential Material shall be on the Producing Party.  The designation of any Discovery Information as Confidential Material shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4.      Discovery Material may be designated as "CONFIDENTIAL" if a Producing Party determines, reasonably and in good faith, that it contains trade secrets[1] or other confidential, competitively sensitive, or proprietary information,

---

[1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process,

STIPULATED PROTECTIVE ORDER

including, without limitation, proprietary practices, methods, or other know-how, pricing data, sales information, customer-confidential information, present or future marketing plans, product profit data or projections, financial data, business strategy, new product information, confidential information about employees, and confidential agreements with third parties.  Discovery Material may be designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" if a Producing Party determines, reasonably and in good faith, that it contains highly sensitive (a) technical information, such as confidential business practices, or design materials, or technical information on products under development; (b) business information, such as customer lists, pricing, rates, internal financial statements, or market analysis, or information whose disclosure is subject to any obligation to any non-party to this lawsuit; or (c) information relating to pending and not yet published patent applications that are not available upon request from the U.S. Patent and Trademark Office or any other patent office.  The parties agree that the Receiving Party may object to the application of the "CONFIDENTIAL – ATTORNEY'S EYES ONLY" provisions herein on any grounds available under the rules or the law.

5.    The Producing Party may designate documents or other tangible Discovery Material as Confidential Material by placing the following legend or similar legend on each page of the document or thing: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY"; provided, however, that in the event that original documents are produced for inspection, the Producing Party shall place the appropriate legend on the documents in the copying process. Where particular Discovery Material contains both confidential and non-confidential

---

that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

STIPULATED PROTECTIVE ORDER

information, only the confidential information is subject to the limitations on disclosure set forth in this Protective Order.

6.      Any party or non-party may designate discovery requests or responses (and the information contained therein) as Confidential Material by placing the following legend on the face of any such document:

"**Contains CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose confidential information is included**."

or

"**Contains CONFIDENTIAL – ATTORNEY'S EYES ONLY information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose confidential information is included**."

In the case of discovery requests or responses, a statement may also be included within the document specifying the portion(s) thereof designated as Confidential Material.

7.      Any party or non-party may designate depositions and other testimony (including exhibits, so long as the exhibit has not already been intentionally produced without being designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY") as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by indicating on the record at the time the testimony is given that the entire testimony or portions thereof shall be designated as such.  The following legend shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information:

STIPULATED PROTECTIVE ORDER

"**Contains CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose confidential information is included**."

or

"**Contains CONFIDENTIAL – ATTORNEY'S EYES ONLY information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose confidential information is included**."

All information disclosed at a deposition shall be treated initially as "CONFIDENTIAL – ATTORNEYS EYES ONLY" information.  Twenty-one (21) calendar days after the deposition, a party shall identify those portions of the transcript which are to remain designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." After the 21-day period expires, all portions of the transcript not so identified shall be treated as nonconfidential information.

8.      All Confidential Material, or any excerpt, reproduction, or paraphrase thereof, filed with the Court shall be accompanied by an application to file such material (or the confidential portions thereof) directed to a specific judge, shall be filed in accordance with Local Rule 79-5.1, and shall be filed in a sealed envelope or other appropriate sealed container on which the following shall be endorsed: (a) the caption of this Action; (b) the words "CONFIDENTIAL – Restricted Access According to Court Order" as an indication of the nature of the content; and (c) a statement in substantially the following form:

**This envelope, containing documents which are filed in this case by [name of party] is not to be opened or the contents thereof to be displayed or revealed except by order of Court or consent of the parties**.

Pending the Court's ruling on the application, any papers or portions thereof subject to the sealing application shall be lodged under seal.

4

## USE

9.      Discovery Material designated Confidential Material shall be used only in preparation for, and in connection with, the prosecution, defense, or settlement of this Action or any appeal therefrom and shall not be used for any other purpose including, but not limited to, any unrelated litigation, arbitration, or claim, or in any respect for patent prosecution purposes. Nothing in this Protective Order shall preclude a Producing Party from using or disseminating its own Confidential Material.

10.      All Confidential Material shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Confidential Material are not, in fact, protected.

11.      Third-parties may (a) designate deposition transcripts of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" to the same extent and in the same manner as parties to this Action and any such materials and information shall be treated by the parties to this Action in the same manner as materials and information so designated by a party, and (b) intervene in this Action to enforce the provisions of this Protective Order as if they were a party.

## DISCLOSURE

12.      Unless otherwise directed by the Court or authorized in writing by the Producing Party, Confidential Material designated as "CONFIDENTIAL" may be disclosed by the Receiving Party only to the following persons:

(a) any outside attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings, provided that these attorneys are directly involved with this Action);

5

(b) support personnel for attorneys listed in sub-paragraph (a) above, including law clerks, paralegals, secretaries, and clerical staff employed by any attorney identified in sub-paragraph (a) and assisting in connection with this Action;

(c) any expert or consultant who is retained or sought to be retained or is participating, at the request of any attorney described in sub-paragraph (a), to assist in the prosecution, defense, or settlement of this Action, with disclosure of Confidential Material occurring only to the extent necessary to perform such work, provided that the expert or consultant execute an acknowledgement in the form of Exhibit A attached hereto, which the Receiving Party shall retain and make available for inspection for good cause shown, subject to the provisions below in paragraph 14;

(d) no more than five (5) representatives of each Receiving Party, provided such representatives use such Confidential Material only in accordance with the provisions of paragraph 9 above and paragraph 13 below;

(e) any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

(f) service contractors (such as document copy services), jury consultants, and graphic artists;

(g) any person who authored and/or was an identified original recipient of the particular Confidential Material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular Confidential Material sought to be disclosed and the examining attorney has a good faith basis for actually using the Confidential Material during said deposition, or any witness who is preparing for a deposition when the preparing attorney has a good faith reason to believe that the Confidential Material will be shown to the witness at the deposition;

(h) personnel of the Court and all appropriate courts of appellate jurisdiction;

(i) any Party's insurance carriers and their counsel (including employees, employed directly or on a contract basis by such insurance carriers and their counsel);

(j) any Party's previously-retained outside intellectual property counsel (such as patent prosecution counsel), provided such persons use such Confidential

6

STIPULATED PROTECTIVE ORDER

Material only in accordance with the provisions of paragraph 9 above and paragraph 13 below; and

(k) any other person agreed to by the Producing Party in writing.

Confidential Material designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be disclosed to the persons identified in paragraphs 12(a), (b), and (c), and may not be shown to any Party representative identified pursuant to paragraph 12(d), unless specifically agreed to by the Producing Party in writing. Confidential Material shall not be disclosed to any person unless such person is authorized to receive Confidential Material pursuant to paragraphs 11-16 of this Protective Order.

### NOTICE OF DISCLOSURE AND TIMING

13.    At least five (5) business days before the disclosure of any Confidential Material of the Producing Party is made to an individual described above in paragraphs 12(d) or 12(j) (i.e., Party representatives or previously-retained intellectual property counsel), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and position, and enclosing an executed acknowledgement from the individual to whom disclosure is to be made, in the form of Exhibit A attached hereto.  The Producing Party shall state any objections to the proposed disclosure of such material to any individual described in paragraphs 12(d) or 12(j), and state the reasons for its objections in writing, to the Receiving Party within three (3) business days of receipt of the Notice.  Upon the making of any such objection(s), the Producing Party shall have ten (10) calendar days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) to initiate the procedure specified in Local Rule 37 of filing a joint motion with the Receiving Party to challenge the disclosure of the material. The fact that there is a procedure in place pursuant to this Protective Order, and the

STIPULATED PROTECTIVE ORDER

fact that the Producing Party has objected to a proposed disclosure to a particular individual according to that procedure, shall not create a presumption one way or another as to the prudence of the objection but rather the Court will determine, based on the merits of the arguments presented, whether the proposed disclosure will be afforded to the individual in question.  Unless the Producing Party objects to the disclosure and files a motion in accordance with Local Rule 37 and the Notice and timing provisions of this paragraph 13 and paragraph 29, the Producing Party waives its right to challenge the disclosure of the material to the identified individual(s), and the individual identified in the Notice shall be considered a qualified recipient of material designated "CONFIDENTIAL" under the terms of this Protective Order.  Should the Producing Party properly object and file a motion pursuant to Local Rule 37, the material shall not be disclosed to the identified individual, pending resolution of the motion.

14.     At least five (5) business days before the disclosure of any Confidential Material of the Producing Party is made to an individual described above in paragraphs 12(c) or 12(k) (i.e., experts and other persons), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, any company or companies by which that individual was employed during the past five (5) years, and a list of all consulting agreements that said individual entered into during the past five (5) years.  The list should disclose the name and address of each such entity for which consulting work is being, or has been, performed, and the subject matter of that consulting work.  If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary by the Receiving Party, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by the Receiving Party, and any such information

8

that is not deemed proprietary shall be disclosed. Such notice shall be accompanied by an executed acknowledgement from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto. The Producing Party shall state any objections to the proposed disclosure of Confidential Material to any individual described in paragraph 12 sub-paragraphs (c) or (k), and state the reasons for its objections in writing, to the Receiving Party within three (3) business days of receipt of the Notice. Upon the making of any such objection(s), the Producing Party shall have ten (10) calendar days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) to initiate the procedure specified in Local Rule 37 of filing a joint motion with the Receiving Party to challenge the disclosure of the Confidential Material. The fact that there is a procedure in place pursuant to this Protective Order, and the fact that the Producing Party has objected to a proposed disclosure to a particular individual according to that procedure, shall not create a presumption one way or another as to the prudence of the objection but rather the Court will determine, based on the merits of the arguments presented, whether the proposed disclosure will be afforded to the individual in question. Unless the Producing Party objects to the disclosure and files a motion in accordance with Local Rule 37 and the Notice and timing provisions of this paragraph 14 and paragraph 29, the Producing Party waives its right to challenge the disclosure of Confidential Material to the identified individual(s), and the individual identified in the Notice shall be considered a qualified recipient of Confidential Material under the terms of this Protective Order. Should the Producing Party properly object and file a motion pursuant to Local Rule 37, Confidential Material shall not be disclosed to the identified individual, pending resolution of the motion. No party shall be entitled to take any discovery of or regarding any person described in this paragraph 14 unless such person is disclosed as a testifying expert pursuant to Fed. R. Civ. P. 26(a)(2)(A) or unless there is an independent basis for discovery. All

other persons whose identities are disclosed hereunder shall be deemed to be consulting experts, and the activities, communications, impressions, and opinions of such experts shall be deemed to be privileged work product as to which no discovery may be had.

15.     In the event that an individual already qualified under the procedures of paragraph 14 to see Confidential Material enters into any consulting agreements or arrangements entered after the Notice identifying the individual was sent to the Producing Party, the Receiving Party shall promptly notify the Producing Party of such subsequent agreements or arrangements.  The Producing Party shall state any objections to the continued disclosure of Confidential Material to this individual, and state the reasons for its objections in writing, to the Receiving Party, within seven (7) days of receipt of this notice.  Upon the making of any such objection(s), the Producing Party shall have ten (10) days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) to initiate the procedure specified in Local Rule 37 of filing a joint motion with the Receiving Party to challenge the continued disclosure of Confidential Material to this individual.  The fact that there is a procedure in place pursuant to this Protective Order, and the fact that the Producing Party has objected to a proposed disclosure to a particular individual according to that procedure, shall not create a presumption one way or another as to the prudence of the objection but rather the Court will determine, based on the merits of the arguments presented, whether the proposed disclosure will be afforded to the individual in question. Unless the Producing Party objects to the disclosure and files a motion in accordance with Local Rule 37 and the Notice and timing provisions of this paragraph 15 and paragraph 29, the Producing Party waives its right to challenge the disclosure of Confidential Material to the identified individual, and the individual identified in the Notice shall continue to be considered a qualified recipient of Confidential Material under the terms of this Protective Order.  Should

the Producing Party properly object and file a motion pursuant to Local Rule 37, the identified individual shall be barred from continuing reviewing Confidential Material of the Producing Party, pending resolution of the motion.

16.     The recipient of any Confidential Material that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

## EXEMPTED MATERIALS

17.     None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as Confidential Material has/had been:

(a) available to the public at the time of its production hereunder;

(b) available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives, or experts;

(c) known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without use or benefit of the information;

(d) obtained outside of this Action by such Receiving Party from the Producing Party without having been designated as "CONFIDENTIAL"; provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e) obtained by such Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

(f) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

11

18.     Any party may seek to remove the restrictions set forth herein on the ground that information was improperly designated "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as set forth in paragraph 4 above, by following the procedures set forth in paragraph 23 below.  If the designation is removed from certain material, either by court order or by agreement of the parties, then none of the provisions of this Protective Order shall apply to that newly de-designated material.

## INADVERTENT PRODUCTION AND/OR DESIGNATION

19.     The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine shall not waive the attorney-client privilege or the attorney work-product doctrine.  In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver.  Upon a request from a party that has inadvertently produced any document that it believes may be subject to the attorney-client privilege or attorney work-product doctrine, each party receiving said document shall immediately refrain from any continued review of that document and return it and all copies within three (3) business days to the Producing Party.  If such inadvertently produced material has already been disclosed, the party causing such disclosure shall, within forty-eight (48) hours of becoming aware of such disclosure, inform the person receiving the inadvertently produced material; make reasonable and good faith efforts to retrieve such material; destroy the material upon retrieval or arrange for the material to be destroyed, if possible; and promptly inform the producing party of the disclosure. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document filed pursuant to Local Rule 37.  Such a record of the identity and nature

12

of a document may not be used for any purpose other than preparation of a motion to compel in this Action.  After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court according to the procedures set forth in Local Rule 37.

20.    The inadvertent failure by a party to designate Discovery Material as Confidential Material shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is Confidential Material within two (2) calendar days from when the failure to designate first became known to the Producing Party.

21.    In the event of disclosure of Confidential Material to any person not authorized to such access under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Confidential Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The party responsible for improperly disclosing such Confidential Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Confidential Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## USE IN COURTROOM PROCEEDINGS

22.    In the event that any Confidential Material is to be used in any court proceeding, the party seeking to do so shall provide notice to the Producing Party at least two (2) business days in advance (unless otherwise agreed to by stipulation of the parties or unless the timing or circumstances of the court proceeding do not permit such advanced notice, in which event the best practical advance notice shall be given).  The Producing Party may then seek an appropriate protective order from the Court before its use, referral, or introduction, and in any event, it shall not

lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

## OBJECTIONS TO DESIGNATIONS

23.    No party shall be obligated to challenge the propriety of a designation of any material as Confidential Material when initially received, and a failure to do so shall not preclude a subsequent challenge thereto.  Any party may object to the designation by the Producing Party of any material as Confidential Material.  The process for making such an objection and for resolving the dispute shall be as follows:

(a) The objecting party shall notify the Producing Party within thirty (30) days in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection;

(b) Within ten (10) calendar days of receipt of notice of the objection, the Producing Party and the objecting party shall confer either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute;

(c) Failing agreement, the Producing Party may apply (pursuant to Local Rule 37) within ten (10) calendar days from the conclusion of the conferring period for a ruling on the Producing Party's designation of the Discovery Materials as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," with the burden of proof and persuasion on the Producing Party.  While any such application is pending, the documents or materials subject to that application will retain their original designation until the Court resolves the application.  If the parties do not resolve their disagreement and the Producing Party does not apply to the Court for a ruling on its designation of Discovery Materials as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" within twenty (20) calendar days from the date of receipt of the notice of the objection, the Discovery Materials in question will no longer be deemed "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

STIPULATED PROTECTIVE ORDER

## **RETURN/DESTRUCTION OF MATERIALS**

24.     Upon written notice by the Producing Party, all Confidential Material, including all copies and derivative works thereof, shall be returned to the Producing Party or, with advance written consent of the Producing Party, destroyed, except that each parties' outside counsel may maintain one copy for archival purposes of the following types of documents containing Confidential Material: (a) attorney work product; (b) correspondence between the parties or counsel for the parties; (c) discovery requests and responses, but not documents produced in response to such discovery requests; (d) papers filed with the Court and exhibits thereto; and (e) one copy of any version received from the court reporter (*e.g.*, paper, miniscript, and ASCII versions) of a deposition transcript, and accompanying exhibits.  The party receiving any Confidential Material shall certify in writing that all such material, including Confidential Material disclosed hereunder, has been returned or destroyed.

## **MISCELLANEOUS PROVISIONS**

25.     This stipulated Protective Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this order is not believed by such party to be adequate.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter may not be discovered at all.

26.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

STIPULATED PROTECTIVE ORDER

27.     If at any time Confidential Material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such Confidential Material and shall provide each such party with an opportunity to object to the production of Confidential Material. If the Producing Party does not move for a protective order within ten (10) calendar days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the 10-day notice period, such material in response thereto.

28.     Counsel for any party to this Protective Order shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Protective Order to receive materials or information designated as Confidential Material.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to Confidential Material that the person being excluded is prevented from viewing, pursuant to the terms of this Protective Order.

29.     All notices required by any paragraphs of this Protective Order are to be made by facsimile or e-mail to counsel representing the noticed party.  The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  Any of the notice requirements herein may be waived, in whole or in part, but only in a writing signed by an attorney for the Producing Party.

30.     Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of Confidential Material produced or exchanged in this Action; provided, however,

16

that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the specific contents of Confidential Material produced by any other party or non-party, unless the client is independently authorized to have Confidential Material disclosed to it pursuant to this Protective Order.

31.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any documents, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this Action or any other proceeding.

32.     All persons receiving Confidential Material are enjoined from producing them to any other persons, except in conformance with this Protective Order.  Each individual who receives Confidential Material agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

33.     For purposes of this Protective Order, "Termination of this Action" is defined to mean the exhaustion of all appeals from orders and final judgments in this Action or any related Action or the settlement of the entire action and any related actions by the parties.

34.     The parties agree that the terms of this Protective Order shall survive and remain in effect after the Termination of this Action; provided, however, that any party may seek the withdrawal of any previously sealed document by filing a motion requesting this relief within sixty (60) calendar days after the case is closed in the District Court.  Any such documents not withdrawn will become part of the public record.  The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

STIPULATED PROTECTIVE ORDER

35.     Any party may move at any time to modify the terms of this Protective Order for good cause.  A party seeking to modify this Protective Order shall request only the minimum modification as is reasonably necessary to address the grounds upon which its motion to modify is based.

36.     Any headings used in this Protective Order are for reference purposes only and are not to be used to construe or limit the meaning of any provision.

37.     This Protective Order may be executed in any number of counterparts, all of which, upon completed execution thereof by all parties, collectively shall be deemed to constitute one original.

38.     Discovery materials produced electronically on computer-readable disc shall be treated as follows:

(a) During the course of discovery, documents and things may be produced on computer-readable discs.  Each such disc produced according to this agreement shall be numbered by the Producing Party.

(b) The Producing Party agrees that it shall provide either paper copies or a disc in an alternative electronic format suitable to the Receiving Party of any documents or things contained on a computer-readable disc that the Receiving Party is, after reasonable effort, unable to open, view, or print.

## GOOD CAUSE STATEMENT

39.     The parties stipulate and agree that good cause exists to issue this Protective Order.  Particularly, the parties believe that prejudice and/or harm will result to their respective business if this Protective Order is not granted.  The parties are direct competitors and intend to exchange confidential research and development information on their respective products, as well as highly sensitive manufacturing and financial information.  For these reasons, the parties believe good cause exists to issue the Protective Order.

18

1  **IT IS SO STIPULATED.**

2

3  DATED: March 3, 2011            DATED: March 3, 2011
   DRINKER BIDDLE & REATH LLP      DLA PIPER LLP

4

5

6  Darren S. Cahr (Admitted *Pro Hac*      Darius C. Gambino – *admitted pro hac vice*
   *Vice*)                                 1650 Market St., Suite 4900
7  191 N. Wacker Dr., Suite 3700           Philadelphia, PA 19103
   Chicago, IL 60606-1698                  Telephone: (215) 656-3300
8  Telephone:  (312) 569-1000              Facsimile: (215) 656-3301
   Facsimile:  (312) 569-3000              darius.gambino@dlapiper.com
9  darren.cahr@dbr.com

10 Pamela K. Graham (Bar No. 216309)       Robert J. Benson (Bar No. 155971)
   1800 Century Park East, Suite 1400      1999 Avenue of the Stars, Suite 400
11 Los Angeles, CA 90067-1517              Los Angeles, CA 90067-6023
   Phone: (310) 203-4000                   Phone: (310) 595-3000
12 Fax: (310) 229-1285                     Fax: (310) 595-3300
   pamela.graham@dbr.com                   robert.benson@dlapiper.com

13
   Attorneys for Defendant *American*      Attorneys for Plaintiff *Bobrick Washroom*
14 *Specialties, Inc.*                     *Equipment, Inc.*

15                                         OF COUNSEL:
                                           Carl W. Hittinger – *admitted pro hac vice*
16                                         William L. Bartow – *admitted pro hac vice*
                                           DLA PIPER LLP
17                                         1650 Market St., Suite 4900
                                           Philadelphia, PA 19103
18                                         Telephone: (215) 656-3300
                                           Facsimile:  (215) 656-3301
19                                         carl.hittinger@dlapiper.com
                                           william.bartow@dlapiper.com
20

21

22

23         **IT IS SO ORDERED.**

24

25 Dated: March 7, 2011

26                                         _____
                                           The Honorable Paul L. Abrams
27                                         United States Magistrate Judge

28

                                    19
                                                   STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

BOBRICK WASHROOM
EQUIPMENT, INC., a California
Corporation,

            Plaintiff,

      v.

AMERICAN SPECIALTIES, INC.,
a New York Corporation,

            Defendant.

CASE NO.:  CV-10-6938-SVW (PLAx)

**AGREEMENT TO BE BOUND BY THE
PROTECTIVE ORDER**

        I hereby certify that I have read and am fully familiar with the terms of the

Stipulated Protective Order entered on _____, 2011 in the above-

captioned litigation and agree to be bound by its terms.  Specifically, I will not

disclose or permit the unauthorized viewing or disclosure of Confidential Material,

as set forth in said Stipulated Protective Order, or the information contained

therein.  I hereby submit to the jurisdiction of the Court for the purpose of ensuring

compliance with this Stipulated Protective Order.


_____
Date

_____
Signature

_____
Printed Name


_____

_____
Address

20

STIPULATED PROTECTIVE ORDER