Robert J. Benson (Bar No. 155971)
**robert.benson@dlapiper.com**
DLA PIPER LLP (US)
1999 Avenue of the Stars, Suite 400
Los Angeles, CA 90067-6023
Phone: (310) 595-3000
Fax: (310) 595-3300

Darius C. Gambino – *admitted pro hac vice*
**darius.gambino@dlapiper.com**
DLA PIPER LLP (US)
1650 Market St., Suite 4900
Philadelphia, PA 19103
Telephone: (215) 656-3300
Facsimile: (215) 656-3301

Attorneys for Plaintiff
BOBRICK WASHROOM
EQUIPMENT, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC., a California Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN SPECIALTIES, INC., a New York Corporation,<br><br>    Defendant. | CASE NO.: 10-6938 (SVW)/(PLA)<br><br><br>**FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |

1

## NATURE OF ACTION

1.    Plaintiff Bobrick Washroom Equipment, Inc. ("Bobrick") seeks legal and equitable remedies for violations of the trademark laws of the United States, 15 U.S.C. § 1051 et seq. (also referred to as the "Lanham Act").  This action also asserts related state claims under both the statutory law and common law of the State of California.

## PARTIES

2.    Bobrick is a California corporation, having a principal place of business at 11611 Hart Street, North Hollywood, California 91605-5882.

3.    Bobrick is a manufacturer and seller of various washroom equipment, such as paper towel dispensers, waste receptacles, soap dispensers and toilet partitions.

4.    Upon information and belief, ASI is a New York corporation with offices located at 441 Saw Mill River Road, Yonkers, New York 10701.

5.    ASI is a manufacturer and seller of washroom equipment, including paper towel dispensers, waste receptacles and soap dispensers.

6.    ASI distributes its products through a nationwide network of distributors across the United States, including through independent sales representatives and distributors located in the State of California.

7.    ASI conducts business in interstate commerce in the United States, and in this judicial district.

8.    ASI distributes washroom products in the State of California through at least the following sister companies which are wholly-owned subsidiaries of ASI's parent company, ITR Industries, Inc.: Global Specialties Direct, Inc. (Oakland, CA), Global Specialties Direct, Inc. (Sacramento, CA), Global Specialties Direct, Inc. (San Jose, CA), and Global Specialties Direct, Inc. (Santa Fe Springs, CA).

## VENUE AND JURISDICTION

9.     This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367, in that this is a civil action involving claims arising under the laws of the United States, wherein all other state law claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.  This Court also has jurisdiction over the state law claims under the doctrine of supplemental jurisdiction, because the federal and state claims are based on the same operative facts, and judicial economy, convenience and fairness to the parties will result if this Court assumes and exercises jurisdiction over such state law claims.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

11.    This Court has personal jurisdiction over ASI as it has sold, and continues to sell, products and services in this judicial district and elsewhere in the State of California, and has committed tortious acts within the State of California and/or tortious acts outside the State of California which impact California residents.

## FACTUAL BACKGROUND

### *Bobrick's History of Innovation*

12.    Bobrick has been manufacturing and selling washroom products, such as soap dispensers, for over one hundred (100) years.  Over that time, Bobrick has become an industry leader in the design and manufacture of washroom products and accessories.

13.    Bobrick's founder, G.A. Bobrick, conceived the idea of the first liquid soap dispenser and was awarded a U.S. Patent for it in 1908.  Over the next fifty (50) years, Bobrick sold millions of soap dispensers in the sanitary supply market.

14.    In 1961, Bobrick introduced of a unique line of recessed stainless steel multi-purpose units.  An entirely new concept in washroom equipment, the multi-purpose units combined various washroom accessories into a single space-saving

1   cabinet.  These new units dramatically improved the appearance of the washroom,

2   made more efficient use of space and reduced installation and maintenance costs.

3   15.    Since the 1960s, Bobrick made tremendous strides developing three

4   complete lines of washroom accessories and toilet partitions.

5   16.    In 1986, Bobrick introduced its AirCraft® recessed and surface-mounted

6   warm air hand and hair dryers, including the industry's first Underwriters

7   Laboratories (UL) listed automatic hand dryer, featuring indestructible cast iron

8   with vitreous enamel covers.

9                   *Bobrick Introduces The Contura Series®*

10  17.    In 1993, Bobrick introduced a revolutionary new series of washroom

11  products which all shared the unique product configuration having a contoured

12  front face in the shape of a convex arc when viewed from above (hereinafter the

13  "Contura Series®").  The Contura Series® washroom products were an instant

14  success with consumers due in part to Bobrick's unique convex arc design.

15  18.    The majority of the Contura Series® products include front faces in the

16  shape of a convex arc when viewed from above, meaning that the convex arc

17  extends across the front face of the products in a substantially horizontal

18  configuration (hereinafter the "Convex Arc").  When the Contura Series®

19  products are viewed directly from the front, the Convex Arc may not be clearly

20  visible, but becomes more noticeable upon looking at the Contura Series®

21  products from the sides or from above.

22  19.    The Convex Arc of the Contura Series® is purely aesthetic, and non-

23  functional.

24  20.    Since introduction, Bobrick has actively marketed and promoted the Contura

25  Series® including the Convex Arc in interstate commerce.

26  21.    The Convex Arc of the Contura Series® has been prominently featured in

27  Bobrick's advertising and marketing materials since 1993.  From 1993 until today,

28  Bobrick has spent well over two-million-six-hundred-thousand dollars

4

1    ($2,600,000.00) on advertising displaying the Convex Arc of the Contura Series®,

2    and has sold over two-million-seven-hundred-thousand (2,700,000) units.

3    22.    The Convex Arc of the Contura Series® has acquired secondary meaning

4    through over seventeen (17) years of substantially continuous and exclusive use in

5    interstate commerce.

6    23.    Since 1993, Bobrick has enjoyed the goodwill associated with the Convex

7    Arc of the Contura Series®.

8    24.    In 2003, Bobrick sought trademark protection for the Convex Arc of the

9    Contura Series® of products, and was granted U.S. Trademark Reg. No.

10   2,951,014 on such unique product configuration or about May 17, 2005

11   (hereinafter the "'014 Registration"). A copy of the '014 Registration is attached

12   hereto as Exhibit A.

13   25.    The '014 Registration became incontestable on July 26, 2010. A copy of the

14   U.S. Trademark Office's Acceptance of the '014 Registration's Declaration of

15   Incontestability is attached hereto as Exhibit E.

16   26.    The '014 Registration was subject to a detailed examination at the U.S.

17   Patent and Trademark Office ("USPTO"). Particularly, the application for the

18   '014 Registration was filed on October 2, 2003, and was initially rejected by the

19   USPTO in an Office Action dated August 10, 2004. Bobrick responded,

20   addressing all the Examining Attorney's grounds for rejection, and the application

21   was allowed on February 2, 2005. The '014 Registration was published for

22   opposition on February 22, 2005. After no oppositions to the '014 Registration

23   were filed during the publication period, the '014 Registration issued on May 17,

24   2005.

25   27.    In addition to the Convex Arc, the Contura Series® products include several

26   other unique, ornamental features that are part of Bobrick's trade dress. Such

27   unique, ornamental features include: (1) cabinets and doors including rounded

28   edges and corners which match one another, and which are curved to complement

the Convex Arc, (2) recessed cabinet flanges including rounded edges and corners which are curved to complement the Convex Arc, (3) partially exposed flanges behind the doors, (4) partially exposed flanges behind the waste receptacles, and (5) outward-facing surfaces formed of #4 satin finish stainless steel (collectively, these unique, ornamental features are referred to as Bobrick's "Unregistered Contura Trade Dress").

28.    The Unregistered Contura Trade Dress is purely aesthetic, and non-functional.

29.    Since its introduction, Bobrick has actively marketed and promoted products in the Contura Series® in interstate commerce, all of which included the Unregistered Contura Trade Dress.

30.    The Unregistered Contura Trade Dress has been prominently featured in Bobrick's advertising and marketing materials since 1993.  From 1993 until today, Bobrick has spent well over two-million-six-hundred-thousand dollars ($2,600,000.00) on advertising displaying the Unregistered Contura Trade Dress, and has sold over two-million-seven-hundred-thousand (2,700,000) units in the Contura Series®.

31.    The Unregistered Contura Trade Dress has acquired secondary meaning through over seventeen (17) years of substantially continuous and exclusive use in interstate commerce.

32.    Since 1993, Bobrick has enjoyed the goodwill associated with the Unregistered Contura Trade Dress.

*ASI's Roval Line*

33.    ASI recently introduced a line of washroom products which are strikingly similar to Bobrick's Contura Series® (hereinafter the "Roval Line").

34.    ASI first introduced the Roval Line in a Press Release dated September 28, 2009 which was posted on ASI's website.

35.    ASI distributed brochures and other marketing materials on the Roval Line at the ISSA Interclean Trade Show in Chicago, Illinois, which took place from October 7-9, 2009 (the "ISSA Show").

36.    A representative of Bobrick (Dikran Babikian) approached a representative of ASI (Peter Rolla) at the ISSA Show regarding the Roval Line, and was informed that the line would be launched "within two weeks."

37.    When Babikian asked Rolla if he was concerned about violating Bobrick's intellectual property rights, Rolla responded that he was not concerned because all of Bobrick's patents were expired.

38.    At least one other attendee of the ISSA Show noted to Babikian that he thought the Roval Line was associated with Bobrick.

39.    At the time of the ISSA Show, ASI was aware that Bobrick had previously sought and obtained design patents and trademarks in connection with the Contura Series® products, and that Bobrick valued its intellectual property and other proprietary rights in the Contura Series®. Despite these facts, ASI failed to perform a complete review of Bobrick's intellectual property assets before launching the Roval Line at the ISSA Show. If ASI had performed such a review, it would have identified the '014 Registration.

40.    Upon information and belief, although ASI introduced the Roval Line at the ISSA Show, ASI did not have actual products available for shipment to customers until May 2010.

41.    After several months of trying to obtain sample products from the Roval Line, Bobrick finally obtained such products on or about May 24, 2010, and began the process of examining them against the Contura Series® and the '014 Registration. Due to the sheer number of products copied, this process took several months to complete.

42.     The Roval Line is priced over thirteen percent (13%) below the Contura Series®, thereby enticing customers to substitute the Roval Line products for Contura Series® products.

43.     The Roval Line is inferior to the Contura Series® in several respects, including but not limited to, inconsistencies in the metal, doors which do not fit cleanly to the associated cabinet, locks which are not attached securely to the doors, and doors which exhibit substantial movement even when locked[1].

44.     The Roval Line has a contoured face and overall appearance that is substantially identical to the Convex Arc of the Contura Series®, which is protected by the '014 Registration.

45.     The Roval Line also contains all of the unique, ornamental features of the Unregistered Contura Trade Dress.

46.     Attached hereto as Exhibit B are photographs of various products from the Contura Series® and the Roval Line, which show the striking similarity in appearance between the products of both lines.

47.     As shown in Exhibit B, the product configuration of the Roval Line is substantially identical to that of the Contura Series® that had been on sale for over seventeen (17) years prior to the introduction of the Roval Line.

48.     Attached hereto as Exhibit C are copies of one-page advertisements for the Contura Series® and the Roval Line, which show the striking similarity in appearance between the products.  The advertisements even show the Contura Series® and the Roval Line products photographed from similar perspective angles, thus further emphasizing the Convex Arc and Unregistered Contura Trade Dress of the Contura Series® that was copied by ASI.

49.     Like the Contura Series®, the Roval Line has a contoured product configuration with a convex arc-shaped front face.

---

[1] ASI Roval Line products which have these deficiencies include: 204684 (sanitary napkin and tampon dispenser), 20210 (paper towel dispenser), 20210 (paper towel dispenser), 20469 (paper towel dispenser and waste receptacle), and 204623 (paper towel dispenser and waste receptacle).

50.     ASI distributes washroom products with the following model numbers as part of the Roval Line which include a convex arc product configuration identical to the Convex Arc of the Contura Series®: 204684 (sanitary napkin and tampon dispenser), 204684-9 (sanitary napkin and tampon dispenser), 20030 (toilet tissue dispenser), 20031 (toilet tissue dispenser), 20477-SM (seat cover dispenser), 20826 (waste receptacle), 20852 (waste receptacle), 20210 (paper towel dispenser), 20452 (paper towel dispenser), 20458 (semi-recessed waste receptacle), 20470 (sanitary napkin disposal), 20469 (paper towel dispenser and waste receptacle), 204623 (paper towel dispenser and waste receptacle) and 20469-9 (paper towel dispenser and waste receptacle).

51.     ASI even went so far as to reproduce Bobrick's instructions and illustrations from Bobrick's instruction label for the Contura Series®: 204684 (sanitary napkin and tampon dispenser) and 204684-9 (sanitary napkin and tampon dispenser) products. See, Exhibit D.

52.     ASI also copied the Bobrick pull-knob mechanism from Bobrick's Contura Series® sanitary napkin and tampon dispenser (Model No. B-43500) for its 204684 (sanitary napkin and tampon dispenser) and 204684-9 (sanitary napkin and tampon dispenser) products, thereby permitting the mechanism to be interchanged and operated in both the ASI and Bobrick cabinets.

53.     ASI's Roval Line is a counterfeit reproduction of Bobrick's Contura Series® and the Convex Arc which represents Bobrick's registered trade dress. Upon information and belief, many of the products within ASI's counterfeit Roval Line are of a quality substantially different from that of Bobrick's genuine goods. Upon further information and belief, ASI is manufacturing, promoting, distributing and selling such counterfeit goods with the knowledge that such goods will be mistaken for the genuine high quality products which have been offered for sale by Bobrick since 1993. ASI's actions will result in the confusion of

purchasers, who will believe that ASI's counterfeit Roval Line is sponsored by, or affiliated with, Bobrick.

54.     Upon information and belief, ASI distributes its washroom products, including the Roval Line, through a network of independent sales representatives and distributors throughout the United States.

55.     Upon information and belief, Bobrick and ASI share the same channels of trade with respect to their washroom products, and in some cases share the same distributors.

56.     Upon information and belief, Bobrick and ASI share common end customers, which include but are not limited to architects, general contractors, building developers, building owners and building managers.

57.     Upon information and belief, ASI had knowledge of the Bobrick's Contura Series® prior to the development of the Roval Line.

58.     Upon information and belief, ASI had knowledge that the unique product configuration of Bobrick's Contura Series® was subject to intellectual property protection prior to the development of the Roval Line.

59.     Upon information and belief, ASI will continue to willfully infringe Bobrick's intellectual property rights in the Contura Series® unless enjoined. Accordingly, Bobrick has filed the present lawsuit.

*Alternative Designs*

60.     Many alternative ornamental designs exist in the marketplace for washroom accessories, such that ASI did not need to copy the look and feel of the Contura Series® to compete.

61.     Several of these alternative designs include some type of curved face that had different features than the Convex Arc that comprises Bobrick's trade dress. For example, competitive products from A&J Washroom Accessories, Inc. ("AJW") and Bradley Corporation ("Bradley") have front faces that are flat when viewed from above, with curved edges.  A competitive product from Franke called

"Stratos" has a curved face where the curve extends from the top of the product to the bottom (vertically), thus presenting a curved front face when viewed from the side. A competitive product from Tork (Aluminum Dispenser Line) also includes a curved face wherein the curve extends from the top of the product to the bottom (vertically), thus presenting a curved front face when viewed from the side. Products from Brightwell, d Line, Frost and Wagner Ewar also exhibit generally curved appearances without infringing upon Bobrick's trade dress rights.

62.    In fact, Bradley recently released its Diplomat Series, which also includes curved front faces, with multiple directions of curvature. See, Exhibit F. The Bradley Diplomat design is "dual curve" where an arc of curvature for both curves extends from the top of the product to the bottom.

63.    Quite differently from the above-described designs, the Contura Series® has a convex front face when viewed from above, where the arc of curvature extends from the left side of the product to the right, and is uniform throughout the height of each panel.

64.    Besides alternative 'curved' designs, there also exist various other designs for washroom products which ASI could have chosen for the Roval Series, including generally flat-faced products.

65.    ASI's copying of the Contura Series® design permitted ASI to make virtually no investment in product design and development with respect to the Roval Line, and also allowed ASI to benefit from the substantial goodwill Bobrick has accumulated in the marketplace.

## COUNT I

### (Trademark Infringement Under Section 32 of the Lanham Act)

66.    Bobrick hereby restates and incorporates the allegations of foregoing Paragraphs 1-65.

67.    Bobrick owns all right, title and interest in and to the '014 Registration.

68.    ASI is improperly and willfully infringing the '014 Registration in interstate commerce through the advertising, promotion, sale and distribution of washroom products in the Roval Line.

69.    For example, ASI has used and copied the Convex Arc described in the '014 Registration at trade shows, on marketing materials, and on its website, all in connection with the Roval Line.

70.    The products of the Roval Line that include the Convex Arc described in the '014 Registration are counterfeit copies of Bobrick's Contura Series® products.

71.    ASI's use in interstate commerce of the product designs that are virtually identical to the product configuration described in the '014 Registration is likely to cause confusion or deception of consumers as to the source, origin, or sponsorship of the washroom products in the Roval Line in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).  Particularly, customers are likely to purchase ASI's washroom products believing them to be those of Bobrick, thereby resulting in a loss of goodwill and sales to Bobrick.

72.    ASI's conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

73.    As a direct and proximate result of ASI's conduct, Bobrick has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

74.    Bobrick has no adequate remedy at law, and unless enjoined by this Court, ASI will continue to engage in such acts of trademark infringement, to the irreparable damage and injury of Bobrick.

75.    Upon information and belief, ASI has engaged in the above-referenced acts of trademark infringement with full knowledge of Bobrick's exclusive rights in the '014 Registration, and ASI continues in such acts of intentional infringement, thus making this case exceptional and entitling Bobrick to an award of treble its actual damages, plus attorneys' fees in bringing and maintaining this action.

## COUNT II

(Unfair Competition by False Designation of Origin Under Section 43(a) of the Lanham Act)

76.     Bobrick hereby restates and incorporates the allegations of foregoing Paragraphs 1-75.

77.     The Convex Arc of the Contura Series® operates as an indicator of source and/or origin, and has acquired distinctiveness via secondary meaning.

78.     The Convex Arc of the Contura Series® is valid and subsisting and has been in continuous and exclusive use throughout the United States, by Bobrick, since at least as early as 1993.

79.     The Convex Arc of the Contura Series® is non-functional and distinctive in the minds of the relevant purchasers of Bobrick's goods and services as being associated exclusively with Bobrick.

80.     The Unregistered Contura Trade Dress also operates as an indicator of source and/or origin, and has acquired distinctiveness via secondary meaning.

81.     The Unregistered Contura Trade Dress has been in continuous and exclusive use throughout the United States, by Bobrick, since at least as early as 1993.

82.     The Unregistered Contura Trade Dress is non-functional and distinctive in the minds of the relevant purchasers of Bobrick's goods and services as being associated exclusively with Bobrick.

83.     ASI, through their use, display and copying of the product configuration of the Contura Series® (including the registered Convex Arc and the Unregistered Contura Trade Dress), has without authorization, in connection with their goods and/or services in commerce, made or contributed to the making of false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association of ASI with Bobrick,

1   and/or as to the origin, sponsorship or approval of ASI's goods and/or services, in

2   violation of Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)).

3   84.     Consumers are likely to purchase washroom products in the Roval Line

4   believing that ASI is affiliated, connected or associated with Bobrick, resulting in

5   a loss of goodwill to Bobrick.

6   85.     ASI's acts as set forth herein constitute unfair competition, and/or induce or

7   contribute to acts of unfair competition.

8   86.     ASI's unfair acts have been committed in bad faith and with the intent to

9   cause confusion, mistake and/or to deceive.

10  87.     As a direct and proximate result of ASI's conduct, Bobrick has been, and is

11  likely to be, substantially injured in its business including harm to its goodwill and

12  reputation and the loss of revenues and profits.

13  88.     Bobrick has no adequate remedy at law because the registered Convex Arc

14  and the Unregistered Contura Trade Dress are unique and represent to the public

15  Bobrick's identity, reputation, and goodwill, such that damages alone cannot fully

16  compensate Bobrick for ASI's misconduct.

17  89.     Unless enjoined by this Court, ASI and those acting in concert with them

18  will continue to infringe Bobrick's intellectual property rights in the registered

19  Convex Arc and the Unregistered Contura Trade Dress of the Contura Series®, to

20  Bobrick's irreparable injury.  This threat of future injury to Bobrick's business

21  identity, goodwill, and reputation requires injunctive relief to prevent ASI's

22  continued use of the registered Convex Arc and the Unregistered Contura Trade

23  Dress of the Contura Series® and/or product configurations confusingly similar

24  thereto, and to ameliorate and mitigate Bobrick's injuries.

25  90.     Upon information and belief, ASI has engaged in the above-referenced acts

26  of unfair competition with knowledge of Bobrick's exclusive rights in the

27  registered Convex Arc and the Unregistered Contura Trade Dress of the Contura

28  Series®, and ASI will continue in such acts unless enjoined by this Court.

## COUNT III

### (Common Law Unfair Competition)

91.   Bobrick hereby restates and incorporates the allegations of foregoing Paragraphs 1-90.

92.   Bobrick owns and enjoys common law trademark rights in the convex product configuration of the Contura Series® (including the registered Convex Arc and the Unregistered Contura Trade Dress) in the State of California, and throughout the United States.

93.   The registered Convex Arc and the Unregistered Contura Trade Dress of the Contura Series® operate as indicators of source and/or origin, particularly when used in interstate commerce.  Moreover, the registered Convex Arc and the Unregistered Contura Trade Dress of the Contura Series® have acquired distinctiveness via secondary meaning.

94.   ASI, through their use, display and copying of the registered Convex Arc and the Unregistered Contura Trade Dress of the Contura Series® has without authorization, in connection with their goods and/or services in commerce, made or contributed to the making of false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association of ASI with Bobrick, and/or as to the origin, sponsorship or approval of ASI's goods and services in violation of the common law of the State of California.

95.   Consumers are likely to purchase washroom products from the Roval Line believing that ASI is affiliated, connected or associated with Bobrick, resulting in a loss of goodwill to Bobrick.

96.   ASI's acts as set forth herein constitute unfair competition, and/or induce or contribute to acts of unfair competition.

97. ASI's unfair acts have been committed in bad faith and with the intent to cause confusion, mistake and/or to deceive.

98. As a direct and proximate result of ASI's conduct, Bobrick has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

99. Upon information and belief, ASI's acts of unfair competition are, and have been, oppressive, fraudulent and malicious, thus entitling Bobrick to punitive damages pursuant to Cal. Civ. Code § 3294.

100. Bobrick has no adequate remedy at law because the registered Convex Arc and the Unregistered Contura Trade Dress of the Contura Series® are unique and represent to the public Bobrick's identity, reputation, and goodwill, such that damages alone cannot fully compensate Bobrick for ASI's misconduct.

101. Unless enjoined by this Court, ASI and those acting in concert with them will continue to infringe Bobrick's intellectual property rights in the registered Convex Arc and the Unregistered Contura Trade Dress of the Contura Series®, to Bobrick's irreparable injury. This threat of future injury to Bobrick's business identity, goodwill, and reputation requires injunctive relief to prevent ASI's continued use of the registered Convex Arc and the Unregistered Contura Trade Dress of the Contura Series® and/or product configurations confusingly similar thereto, and to ameliorate and mitigate Bobrick's injuries.

102. Upon information and belief, ASI has engaged in the above-referenced acts of unfair competition with knowledge of Bobrick's exclusive intellectual property rights in the registered Convex Arc and the Unregistered Contura Trade Dress of the Contura Series®, and ASI will continue in such acts unless enjoined by this Court.

## **COUNT IV**

### (Violation of Cal. Bus. & Prof. Code § 17200 et seq.)

103.   Bobrick hereby restates and incorporates the allegations of foregoing Paragraphs 1-102.

104.   ASI's business practices as alleged herein are unfair and offend public policy as they are unlawful, unfair, unscrupulous, and substantially injurious to Bobrick and consumers.

105.   The above-referenced acts by ASI constitute unfair competition and unfair business practices in violation of Section 17200 et seq. of the California Business and Professions Code.

106.   Pursuant to California Business and Professions Code Section 17203, Bobrick is entitled to enjoin these practices.

107.   Without injunctive relief, Bobrick has no means by which to control ASI's deceptive and confusing use and advertising of its trademarks.  Bobrick is therefore entitled to injunctive relief prohibiting ASI from continuing such acts of unfair competition, and appropriate restitution remedies, pursuant to California Business and Professions Code Section 17203.

## COUNT V

### (Unjust Enrichment)

108.   Bobrick hereby restates and incorporates the allegations of foregoing Paragraphs 1-107.

109.   Bobrick invested substantial time, labor and money in the design and production of the Contura Series®.

110.   ASI has wrongfully misappropriated the unique features of the Contura Series®, and has profited from and received certain other benefits as a result of such wrongful misappropriation.

111.   ASI has been unjustly enriched at Bobrick's expense.

112.   It would be inequitable to allow ASI to retain the profits and other benefits it acquired through its wrongful actions.

1    113.   Accordingly, Bobrick is entitled to restitution in the amount of ASI's unjust

2    enrichment.

1

## **RELIEF REQUESTED**

2  WHEREFORE, Plaintiff, Bobrick Washroom Equipment, Inc., requests the

3  following relief against Defendant ASI, as well as its employee and/or agents:

4  A.    Entry of a judgment that:

5       1.    ASI has infringed Bobrick's federal trademark rights in the Contura

6  Series® product configuration;

7       2.    ASI's sale of the products in the Roval Line constitutes unfair

8  competition under Section 43(a) of the Lanham Act;

9       3.    ASI has infringed Bobrick's common law trademark rights in the

10  Contura Series® product configuration;

11       4.    ASI's sale of the products in the Roval Line constitutes common law

12  unfair competition;

13       5.    ASI's sale of the products in the Roval Line violates §17200 et seq. of

14  the California Business & Professional Code; and

15       6.    ASI has been unjustly enriched by the sale of the products in the

16  Roval Line.

17  B.    Entry of judgment that ASI's acts of trademark infringement and unfair

18  competition detailed herein have been, and continue to be, willful and deliberate.

19  C.    Entry of preliminarily and permanent injunctions enjoining ASI, their

20  agents, servants and employees, and those people in active concert or participation

21  with it from:

22       1.    using, infringing, contributing to, or inducing infringement of the

23  Bobrick's registered and common law trademarks and service marks, including but

24  not limited to the '014 Registration and the Unregistered Contura Trade Dress;

25       2.    using any false designation, description or representation regarding

26  the source or sponsorship of its goods and/or services, or stating or implying that

27  ASI or its agents are connected with the goods and/or services of Bobrick, thereby

28  damaging Bobrick's goodwill and reputation;

3.    causing a likelihood of confusion or misunderstanding as to the source or sponsorship of ASI's business and/or ASI's goods or services, including but not limited to causing a likelihood of confusion or misunderstanding as to ASI's affiliation, connection or association with Bobrick or any of Bobrick's goods and/or services;

4.    diluting the power and significance of the famous product configuration described in the '014 Registration; and

5.    otherwise infringing Bobrick's common law and registered trademarks and service marks, or otherwise unfairly competing with Bobrick.

D.    Entry of judgment requiring ASI to offer up for destruction all articles, displays, advertisements, labels, signs, prints, packages, packaging, wrappers, receptacles, brochures, catalogs, plates, molds, uniforms, and logo items in its possession or control (including but not limited to all products and marketing materials associated with the Roval line) which display a product which is identical to, or confusingly similar with, Bobrick's protected product configuration trade dress, as provided by Section 36 of the Lanham Act (15 U.S.C. §1118).

E.    Entry of judgment requiring ASI to file with the Court and to serve upon Bobrick's counsel within thirty (30) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which it has complied with such injunction or order pursuant to Section 34 of the Lanham Act (15 U.S.C. §1116(a)).

F.    Entry of judgment:

1.    awarding Bobrick such actual damages as it has sustained by reason of ASI's acts of trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. §1114) (including, but not limited to, a disgorgement of ASI's profits, Bobrick's lost profits, and the costs of this action);

2.    awarding Bobrick treble its actual damages for such trademark infringement;

3.     awarding Bobrick its attorney's fees in bringing and maintaining this action, which should be deemed exceptional, for such trademark infringement; and

4.     requiring ASI to account to Bobrick for any and all profits derived by it from sales of product in the Roval Line, and to compensate Bobrick for all damages sustained by reason of such trademark infringement and the other acts complained of herein; all pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117).

G.     Entry of judgment:

1.     awarding Bobrick such actual damages as it has sustained by reason of ASI's acts of unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. §1125(a)(1)(A)) (including, but not limited to, a disgorgement of ASI's profits, Bobrick's lost profits, and the costs of this action);

2.     awarding Bobrick treble its actual damages or such acts of unfair competition;

3.     awarding Bobrick its attorney's fees in bringing and maintaining this action, which should be deemed exceptional, for such acts of unfair competition; and

4.     requiring ASI to account to Bobrick for any and all profits derived by it from sales of product in the Roval Line, and to compensate Bobrick for all damages sustained by reason of such acts of unfair competition and the other acts complained of herein; all pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117).

H.     Entry of judgment ordering ASI to compensate Bobrick for the advertising or other expenses necessary to dispel any confusion caused by ASI's trademark infringement, unfair competition and other unlawful acts (including but not limited to the costs of an appropriate corrective advertising campaign), pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117).

1    I.      Entry of judgment awarding Bobrick such damages as it has sustained by

2    reason of ASI's acts of common law unfair competition, including but not limited

3    to compensatory damages, attorneys' fees, costs and/or punitive damages (as

4    provided for under Cal. Civ. Code § 3294).

5    J.      Entry of judgment awarding Bobrick such damages as it has sustained by

6    reason of ASI's acts of unfair competition pursuant to Section 17200 et seq. of the

7    California Business and Professions Code.

8    K.      Entry of judgment awarding Bobrick the amount of ASI's unjust enrichment.

9    L.      Affording Bobrick such further and other relief as this Court may deem just

10   and proper.

11

12   DATED: April 13, 2011              DLA PIPER LLP

13   

14   _____

15                                       Darius C. Gambino – *admitted pro hac vice*
                                         1650 Market St., Suite 4900
16                                       Philadelphia, PA 19103
                                         Telephone: (215) 656-3300
17                                       Facsimile: (215) 656-3301
                                         darius.gambino@dlapiper.com
18

19                                       Robert J. Benson (Bar No. 155971)
                                         1999 Avenue of the Stars, Suite 400
20                                       Los Angeles, CA 90067-6023
                                         Phone: (310) 595-3000
21                                       Fax: (310) 595-3300
                                         robert.benson@dlapiper.com
22

23                                       Attorneys for Plaintiff *Bobrick Washroom Equipment, Inc.*

24   OF COUNSEL:
     Carl W. Hittinger – *admitted pro hac vice*
25   William L. Bartow – *admitted pro hac vice*
     DLA PIPER LLP (US)
26   1650 Market St., Suite 4900
     Philadelphia, PA 19103
27   Telephone: (215) 656-3300
     Facsimile: (215) 656-3301

28

                                       22