1  DRINKER BIDDLE & REATH LLP
   Henry Shields, Jr. (State Bar No. 62765)
2  Pamela K. Graham (State Bar No. 216309)
   1800 Century Park East, Suite 1400
3  Los Angeles, CA  90067-1517
   Telephone:  (310) 203-4000
4  Facsimile:  (310) 229-1285
   henry.shields@dbr.com
5  pamela.graham@dbr.com

6  [Additional counsel on following page]

7  Attorneys for Defendant and Counterclaimant
   American Specialties, Inc.

8

FILED

2011 APR 22  PH 4: 10

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY_____

9           UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11                WESTERN DIVISION

12

| | |
|---|---|
| 13 BOBRICK WASHROOM EQUIPMENT, INC., a California Corporation, | Case No. CV-10-6938-SVW (PLAx) |
| 14 | **FIRST AMENDED COUNTERCLAIMS OF DEFENDANT AMERICAN** |
| 15 Plaintiff, | **SPECIALTIES, INC. FOR DECLARATORY RELIEF OF NON-** |
| 16 v. | **INFRINGEMENT OF TRADEMARK RIGHTS; FOR** |
| 17 AMERICAN SPECIALTIES, INC., a New York Corporation, | **CANCELLATION OF PLAINTIFF'S TRADEMARK** |
| 18 Defendant. | **REGISTRATION; FOR FALSE PATENT MARKING; AND FOR** |
| 19 | **COMPENSATORY AND PUNITIVE DAMAGES** |
| 20 | |
| 21 AMERICAN SPECIALTIES, INC., a New York Corporation, | Complaint Filed:  September 17, 2010 |
| 22 Counterclaimant, | Judge:  Hon. Stephen V. Wilson |
| 23 | Dept:   6 |
| 24 v. | |
| 25 BOBRICK WASHROOM EQUIPMENT, INC., a California Corporation, | |
| 26 | |
| 27 Counter-Defendant. | |

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1015329.2

1  DRINKER BIDDLE & REATH LLP
   Darren S. Cahr (Admitted *Pro Hac Vice*)
2  191 N. Wacker Dr., Suite 3700
   Chicago, IL  60606-1698
3  Telephone:   (312) 569-1000
   Facsimile:   (312) 569-3000
4  darren.cahr@dbr.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMERICAN SPECIALTIES INC.'S
FIRST AMENDED COUNTERCLAIMS

## NATURE OF ACTION

1.     Counterclaimant American Specialties, Inc. ("ASI") and counter-defendant Bobrick Washroom Equipment, Inc. ("Bobrick") have been direct competitors for fifty years.  Each manufactures and markets commercial washroom accessories.  Among other products, ASI manufactures products with curved faces as a part of its Roval line of washroom products.

2.     Bobrick has commenced litigation against ASI, alleging trademark infringement under Section 32 of the Lanham Act, unfair competition by false designation of origin under Section 43(a) of the Lanham Act, common law violations under Cal. Bus. & Prof. Code § 17200, and theories of unjust enrichment (the "Action").[1]  By the Action, Bobrick contends that all of the "curved" washroom products in ASI's Roval Collection (as well as the sale of any curved washroom products manufactured and sold by any other company) violate a "trademark" held by Bobrick that allegedly grants it a complete monopoly to market *any* washroom product with a curved front.  Additionally, Bobrick contends that it holds a protectable trade dress over such features as rounded cabinet edges and corners, recessed cabinet flanges, and a #4 stainless steel finish, and that it can exclude all others from creating washroom products with these common features as well.

3.     Bobrick improperly claims these purported "trademark" and "trade dress" rights for the primary purpose of, among other things, (i) seeking to extend forever the limited monopoly protection that Bobrick claimed under certain design patents on its Contura line of products and (ii) to use the Action, and the "rights" asserted in the Action, to interfere with and to impede competition to its Contura

---

[1] Bobrick filed a First Amended Complaint on April 13, 2011, which completely re-characterizes the scope of the purported rights Bobrick claims under the Lanham Act, and adds new purported wrongs that Bobrick now alleges against ASI.  This has necessitated ASI's amended counterclaims.

AMERICAN SPECIALTIES INC.'S
FIRST AMENDED COUNTERCLAIMS

line of washroom products from ASI and any other persons or entities who manufacture washroom products with a curved face.  ASI is fully entitled to manufacture and market any and all of the washroom products in its Roval line.  In fact, any exclusionary rights that Bobrick had were dedicated to the public upon expiration of Bobrick's patents, and any and all members of the public became entitled to manufacture and market washroom products with a curved front without interference from Bobrick.

4.     Additionally, Bobrick has advertised improperly many of its washroom products as patented when they are not.  In particular, Bobrick's advertising and marketing materials state that its washroom products are covered by patents that are in fact expired.  Bobrick falsely advertised its washroom products as patented in an effort to deceive the public, consumers, and ASI and its other competitors into believing that its products, including those within the Contura line, are covered or protected by the expired patents.  This further evidences Bobrick's improper attempts to stifle competition and obtain an improper monopoly in the washroom accessories marketplace.

5.     By its Action and its anticompetitive goal of procuring an unlawful monopoly in the marketplace over *any* washroom accessory with a curved front, rounded corners, or a stainless steel finish, and preventing and impeding valid and lawful competition from ASI and others, Bobrick is knowingly and intentionally violating both federal laws and the law of the State of California, including California Business and Professions Code Section 17200, *et seq.*

6.     This Counterclaim is an action at law and in equity for a declaratory judgment that ASI has no infringed, and is not, infringing any valid or protectable trademark or trade dress of Bobrick because (i) the trademark and trade dress claimed by Bobrick are not entitled to trademark protection, and seek to exclude others from designs that Bobrick dedicated to the public; (ii) the claimed trademark and trade dress are generic and functional; and (iii) there is no likelihood of

confusion regarding the source of Bobrick's Contura products and ASI's Roval products.  Moreover, for these same reasons, ASI seeks an Order from this Court canceling Bobrick's trademark registration under 15 U.S.C. §§ 1119 and 1063(4).

7.    This Counterclaim also comprises an action for false patent marking under 35 U.S.C. § 292, which provides that any person may sue to recover a statutory civil penalty for false patent marking and advertising.  ASI brings this action *qui tam* as a relator on behalf of the United States of America.

8.    Upon information and belief, Bobrick is fully aware of the facts alleged in this Counterclaim and that there is no legally justifiable basis for the claims that Bobrick has commenced against ASI in the Action.  ASI therefore also seeks by this Counterclaim to recover the damages that Bobrick intentionally and willfully has caused to ASI's business, as well as punitive damages that will serve to punish Bobrick for engaging in its intentional and willful acts.

## PARTIES

9.    ASI is a New York corporation with offices located at 441 Saw Mill River Road, Yonkers, New York 10701.

10.    Upon information and belief, Bobrick is a California corporation, having its principal place of business at 11611 Hart Street, North Hollywood, California 91605.

## JURISDICTION AND VENUE

11.    This is a civil action for a declaratory judgment arising under the Lanham Act, as amended, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), on the ground that ASI has not, and is not, infringing any valid or protectable trademark or trade dress asserted by Bobrick.  Alternatively, this is a civil action arising under the Lanham Act for cancellation of Bobrick's Trademark Registration No. 2,951,014.  This is also an action for false patent marking and advertising under the Patent Act, 35 U.S.C. § 292, seeking recovery *qui tam* as a relator on behalf of the United States of America for Bobrick's false patent marking and advertising.

AMERICAN SPECIALTIES INC.'S
FIRST AMENDED COUNTERCLAIMS

12.     This Court has subject jurisdiction of this action pursuant to 28 U.S.C.
§§ 1331, 1332, and 1338 and the principles of supplemental jurisdiction.  This is a
civil action involving claims arising under the laws of the United States, and the
state law claim is so related to claims within the Court's original jurisdiction that it
forms part of the same case or controversy.

13.     This Court has personal jurisdiction over counter-defendant Bobrick
because it filed its Action against ASI in this judicial district, because Bobrick
maintains its corporate headquarter offices in California and thus resides in
California, and because Bobrick advertises and sells its products and services in
California within this judicial district.

14.     Venue lies in the Central District of California under 28 U.S.C.
§ 1391(b) and 1391(c) because counter-defendant Bobrick is actively engaged in
business within this judicial district, certain of the relevant events giving rise to the
lawsuit took place in this judicial district, and Bobrick filed its Action in this
judicial district.

## FACTUAL BACKGROUND

*ASI's Product Line*

15.     ASI manufactures and markets a broad array of commercial
washroom accessories, ranging from paper towel dispensers to waste receptacles to
soap dispensers.  Founded in 1961, ASI manufactures commercial and healthcare
washroom accessories, lockers, and public telephone enclosures.  ASI's products
are sold to the building trade and appear in office buildings, educational facilities,
sports venues, government buildings, and hospitals.

16.     ASI offers its washroom products in four distinct "collections" – the
Roval, Profile, Simplicity, and Traditional Collections.  Each product collection
has different aesthetic and functional features.  ASI designs and markets its
washroom products to meet the needs and specifications of its customers.
Architects, designers, building owners, facility managers, and construction

1   professionals have come to rely on ASI as a full-range supplier of high-quality

2   products that are appropriately priced, easy to install and use, and exceptionally

3   durable.  In 1965, for example, ASI developed and sold its "Contour line" of

4   washroom accessories, which featured products with a stainless steel curved front.

5   These features were promoted as being "an architect inspired creation worthy of

6   the world of tomorrow" and as "herald[ing] a new era in washroom design."

7   Attached hereto as **Exhibit A** are brochures featuring ASI's original Contour line.

8       17.    ASI introduced its Profile collection in late 1991 and early 1992.

9   Some of the features of the Profile Collection include radius-rounded vertical

10  edges and welded corners, concealed full-length piano hinges, and flush-mounted

11  rimless tumbler locks.  Attached hereto as **Exhibit B** are photographs of ASI's

12  products in the Profile Collection.

13      18.    ASI introduced its Roval collection in October of 2009.  The Roval

14  line of products offers architects the ability to specify washroom products with

15  such unique features as integral locking systems, staked piano hinges for maximum

16  durability, and removable waste cans in the waste receptacles for easy cleaning.

17  Attached hereto as **Exhibit C** are photographs of ASI's products in the Roval

18  Collection.

19                      *ASI's and Bobrick's Competing Products*

20      19.    The Roval products were developed with a sophisticated, high-end

21  commercial washroom in mind, and therefore include clean lines, a curved design,

22  one-piece seamless doors, and a brushed, stainless steel finish.  ASI incurred

23  significant costs and expenses to design, develop, and introduce its Roval line of

24  products in October of 2009.  ASI's focus was to create a line of products that were

25  functionally superior to Bobrick's competing line of products.  After analyzing the

26  washroom products in the marketplace, ASI decided to include in the Roval

27  products the unique features mentioned above, including fully removable waste

28  receptacles, integral locking systems, and 3/16" staked piano hinges for maximum

AMERICAN SPECIALTIES INC.'S
FIRST AMENDED COUNTERCLAIMS

1  durability.

2      20.   To distinguish its product lines even further from others, all Roval

3  products sold by ASI display the ASI name and all packaging boxes enclosing the

4  products identify them as Roval products.

5      21.   Bobrick currently manufactures the Contura series of washroom

6  accessories, which have a front face in the shape of a "convex arc" – in other

7  words, a curved front.

8      22.   The front face is functional and generic and is entitled to no trademark

9  protection.  There is nothing distinctive about the "convex arc" design featured on

10  the Contura products.  There are no claimed unique etchings or curves on the front

11  of their products, nor any distinctive materials or shapes.  Bobrick has done

12  nothing more than to have created a commercial washroom product (whether a

13  toilet paper dispenser or waste receptacle) that has a curved, rather than a flat,

14  front.  Upon information and belief, and similarly to ASI, Bobrick places the

15  Bobrick name on at least a significant portion, if not all, of its Contura line of

16  products that are marketed with a curved front.  Upon information and belief, the

17  relevant consuming public does not associate Bobrick as the exclusive source of

18  curved-face washroom fixtures.

19      23.   ASI's Roval Collection and Bobrick's Contura series compete against

20  one another, along with other similar products made by the two companies.

21      24.   Throughout 1991, 1992, and 1993, Bobrick obtained design patents

22  purportedly covering the aesthetic, ornamental appearance of particular washroom

23  products, as embodied in its Contura line of products.  Whatever their true validity,

24  each of these patents had expired by the end of the year 2007.  Accordingly, by

25  October of 2009, when ASI introduced its competing line of Roval products, all of

26  the design patents held by Bobrick on the Contura line of products had expired.

27  Upon expiration of these design patents, Bobrick's rights in the designs of the

28  patented products, including the integral, curved front face, were dedicated to the

- 6 -

AMERICAN SPECIALTIES INC.'S
FIRST AMENDED COUNTERCLAIMS

1  public as a matter of law, and not subject to any exclusivity.  Moreover, the convex

2  arc shape of the Contura line of products is functional and generic, is not subject to

3  trademark or trade dress protection, and is not likely to be confused with ASI

4  products by the sophisticated design professionals who make the purchasing

5  decisions relating to the products at issue.

6      25.    During the later life of these now expired patents, and in a knowing

7  attempt to forever exclude competitors from manufacturing and selling commercial

8  washroom products with a curved front even after its patents had expired, Bobrick

9  applied for and received Trademark Registration No. 2,951,014 (the '014

10  Registration) (attached hereto as **Exhibit D**).  In its trademark application, Bobrick

11  never mentioned the fact that this design would be dedicated to the public

12  approximately two years later upon the expiration of the patents that it held.

13      26.    In the '014 Registration, Bobrick provides this pictured illustration of

14  its mark:



26  Bobrick describes the '014 Registration in the following manner:  "[t]he mark

27  consists of the shape of the front face of a washroom product, the front face having

28  a convex 'arc' shape as viewed from above."  The registration obtained by Bobrick

is vague, ambiguous, and indecipherable to the extent that Bobrick contends that any such trademark registration grants it the sole right to manufacture and market any washroom product having a convex front face.  Moreover, the registration covers subject matter that is functional, generic, and was to become dedicated to the public upon the expiration of Bobrick's design patents.

27.   To try to avoid these blatant deficiencies contained in the '014 Registration, Bobrick has now in this lawsuit *completely rewritten the language and scope of the description* of the claimed "trademark."  Despite what the language of the trademark registration actually says about what it actually depicts, Bobrick now claims (for the first time in its First Amended Complaint) that the "convex arc" actually "extends across the front face of the products in a substantially horizontal configuration," that the arc is only included in "the majority" of Contura products, and that the arc may not be clearly visible from the front, but "becomes more noticeable upon looking at the Contura Series products from the sides or from above."  By redefining the description of their trademark, Bobrick concedes that they were never entitled to trademark protection for their registered trademark in the first place.  Even as redefined, the "trademark" they claim suffers the same deficiencies – the subject matter of the trademark remains ambiguous, the alleged trademark remains functional and generic, and it was dedicated to the public upon the expiration of Bobrick's design patents.

28.   Bobrick also has not articulated any protectable trade dress for other features of its Contura products.  Bobrick for the first time in its First Amended Complaint now claims trade dress protection for (i) cabinets and doors with rounded edges and corners that match one another; (ii) recessed cabinet flanges with rounded edges and corners; (iii) partially exposed flanges behind the doors; (iv) partially exposed flanges behind the waste receptacles; and (iv) stainless steel surfaces with #4 satin finish.  These components of commercial washroom accessories are non-distinctive, basic, and/or functional and therefore are not

protected as trade dress.  Additionally, none identifies Bobrick as the source of the product, or is confused as to the source of the product.  Bobrick is not entitled to trade dress protection for well-known design elements commonly used by others in the industry.

29.    Commercial washroom products commonly have cabinets and doors with rounded edges and corners which match one another.  ASI's Profile Collection, which was introduced before Bobrick' Contura series, features cabinets and doors with rounded edges and corners that match each other.   Attached hereto as **Exhibit B** is an advertisement, as well as photographs, of the Profile Collection noting this feature.  Competitors in the marketplace also manufacture products with rounded corners and edges, including A&J Washroom Accessories ("A&J Washroom") (products feature "radius corners") and Bradley Corporation ("Bradley") (products feature "rounded front corners").  Attached hereto as **Exhibit E** are photographs of a sampling of competitors' products including this feature.

30.    It is commonplace for commercial washroom products to be made of outward-facing surfaces formed of #4 satin finish stainless steel.  ASI's Profile Collection featured washroom accessories made of stainless steel with a #4 satin finish.  Attached hereto as **Exhibit B** is an advertisement, as well as photographs, of the Profile Collection noting this feature.  These products were manufactured and sold before Bobrick introduced its Contura line.  Competitors frequently use surfaces made of stainless steel with a satin finish, including A&J Washroom, Bradley, and Franke, among others.  Attached hereto as **Exhibit E** are photographs of a sampling of competitors' products including this feature.

31.    Bobrick claims that its flanges also somehow deserve trade dress protection.  Bobrick goes so far as to claim that flanges *which are not even visible from the outside of their products* (including exposed flanges "behind doors" and "behind the waste receptacles") are somehow "purely aesthetic" and "non-

AMERICAN SPECIALTIES INC.'S
FIRST AMENDED COUNTERCLAIMS

functional." Flanges are functional features of washroom accessories that serve to strengthen the surface of the product. Flanges are also generic, and Bobrick's flanges on its Contura line are in no way unique and do not identify Bobrick as the source of their products. ASI's Roval products are functionally and aesthetically superior to the Contura series products because ASI hides the flanges, rather than exposing them, and on certain of its products, such as its waste receptacles, folds the flange over the top of the waste cans for added strength and a smoother design.

*The Commercial Washroom Accessories Marketplace*

32.   The competing Roval and Contura lines of products are not sold to the general consuming public. Instead, both ASI and Bobrick market their washroom products to design professionals in the commercial building industry through company sales representatives, commercial websites, brochures, catalogs, specification sheets, and industry trade shows.

33.   Although many of the design professionals who make the purchasing decisions between the Roval and Contura lines of products (among others) are architects, they also include contractors, subcontractors, and building owners, all of whom are sophisticated in selecting specific washroom products to be installed in commercial buildings. The washroom products that are the subject of this Counterclaim are marketed only to those who have experience in deciding which manufacturer's line of washroom products to include in the critical product specifications for the building being designed.

34.   The purchasing architect or other design professional orders Roval and Contura products by specifying product numbers unique to ASI and Bobrick, which makes confusion between ASI and Bobrick products virtually impossible.

35.   Unless the architect or design professional places a particular manufacturer's washroom product on the specification list that accompanies the construction drawings to a given project, that manufacturer's product may not be used in the construction of the washroom facilities being designed. In other words,

1  no washroom product line substitutions are permitted which are not specifically

2  approved by an experienced and sophisticated design professional.

3    36.    Because of the specification process, the architect or other design

4  professional who makes the purchasing decision is always aware of the

5  manufacturer of the product that he or she specifically selects for use in a given

6  project and cannot be confused about the source of the washroom products to be

7  used in a given project.

8                      *Bobrick's Acts of False Marking*

9    37.    Despite the expiration of its design patents, Bobrick has continued to

10  knowingly market and advertise segments of its Contura line of products as

11  patented when the relevant patents have expired.  These acts represent yet another

12  improper attempt by Bobrick to obtain a permanent monopoly in the washroom

13  accessories marketplace on all products with curved fronts.

14    38.    For example, Bobrick obtained U.S. Patent Nos. D334,266 and

15  D332,679 in 1993.  These patents covered the purported ornamental design of the

16  Contura B-43644 waste receptacle, and their terms expired in 2007.

17    39.    However, Bobrick continued to advertise the B-43644 Waste

18  Receptacle as "patented" on the technical data sheets included on its website until

19  after ASI filed its original Counterclaims including a claim for false marking in

20  December of 2010.  Bobrick continued to falsely mark these products until ASI

21  caught it doing so and reported it through the filing of its Counterclaims.  A copy

22  of the relevant pages of the website is attached as **Exhibit F**.  Bobrick claims that

23  all of its products listed as "patented" are covered by a list of patents, attached as

24  **Exhibit G**.  However, none of the patents listed by Bobrick in **Exhibit G** cover the

25  B-43644 Waste Receptacle.

26    40.    Similarly, Bobrick's B-4221 Seat Cover Dispenser was originally

27  covered by U.S. Patent D332,889.  This patent expired in 2007.  However, Bobrick

28  advertised the B-4221 Seat Cover Dispenser as "patented" on its website until after

ASI filed its original Counterclaims including a claim for false marking in December of 2010. Bobrick continued to falsely mark these products until ASI caught it doing so and reported it through the filing of its Counterclaims. A copy of the relevant pages of the website is attached as **Exhibit H**. Again, none of the patents listed in **Exhibit G** cover the B-4221 Seat Cover Dispenser.

41.    On information and belief, Bobrick advertised all of the following products as "patented" on their website and/or on the website's technical data sheets, even though the patent it was purportedly covered by had expired: B155; B156; B2014; B2111; B2112; B251-4; B270; B2746; B27460; B277; B2800-25; B283-604; B2860; B287; B2888; B2892; B2974; B29744; B306; B3500-25; B3706-25; B3691; B39619; B40; B4063; B4112; B4112-79; B42; B4221; B4288; B43500-25; B4354; B43644; B4369; B43699; B4388; B43949; B4706; B47064; B47069; B700 115V; B700 230V; B72860; B72974; B750 115V; B750 230V; B7507 230V; B7507 115V; B830.12; B983; B985.[2]

42.    Bobrick is a large, sophisticated company. Bobrick has, and/or regularly retains, sophisticated legal counsel. Bobrick has many years of experience applying for patents, obtaining patents, licensing patents, and/or litigating patent infringement lawsuits. Bobrick's patents, including U.S. patents D334,266, D332,679, and D332,889 (the "Falsely Marked Patents"), were prosecuted by sophisticated legal counsel. Upon information and belief, Bobrick maintains, or retains legal counsel that maintains on Bobrick's behalf, docketing systems that allow determination of patent expiration dates. Moreover, Bobrick was itself aware of the expiration of these patents covering the Contura line of products, because the faces of the Falsely Marked Patents clearly state that their

---

[2] For many of these items, Bobrick continued to falsely mark the products as "patented" even up until ASI confronted Bobrick at a conference between the parties on April 4, 2011, of the false marking by providing a list of the product numbers of the products that ASI believed may have been falsely marked.

- 12 -                    AMERICAN SPECIALTIES INC.'S
                                          FIRST AMENDED COUNTERCLAIMS

terms each are "14 Years" and because Bobrick preemptively applied to register

the trade dress purportedly covered by these patents before they expired.  That

trademark registration, the '014 Registration, eventually served as the basis for the

Action.  In fact, in the briefing of ASI's Motion to Dismiss, Bobrick itself admits

that relevant patents covering the Contura series are expired.

43.    Bobrick knew that the Falsely Marked Patents had expired or were

otherwise inapplicable to the B-4221 Seat Cover Dispenser, the B-43644 Waste

Receptacle, and the other falsely marked products (collectively, the "Falsely

Marked Products") and that the Falsely Marked Products are not covered by any

unexpired, valid patents, and yet persisted in marketing at least these products as

"patented" with an intent to deceive the public, in violation of Section 292 of the

Patent Act.

*Bobrick's Complaint Against ASI*

44.    Bobrick filed a Complaint in this judicial district against ASI on

September 17, 2010.  Bobrick filed a First Amended Complaint (the "FAC") on

April 13, 2011.  In its FAC, Bobrick asserts claims against ASI alleging trademark

infringement under Section 32 of the Lanham Act, unfair competition under

Section 43(a) of the Lanham Act and California common law, violation of Cal.

Bus. & Prof. Code § 17200, and unjust enrichment.

45.    Essentially, Bobrick claims that its registered trademark and

unregistered trade dress have been infringed because they extend to Bobrick alone

the right to manufacture and sell *any washroom accessories of any kind having a

curved front design.*  Additionally, Bobrick claims that its trade dress has been

infringed because it extends to Bobrick alone the right to manufacture and sell

*washroom accessories with rounded edges and corners, recessed flanges, and a

satin stainless steel finish.*  Bobrick's claims are meritless because these design

features are in the public domain and Bobrick knowingly has no legitimate claim to

any trademark or trade dress protection to these design feature under any

1    circumstances.

2        46.    Although ASI introduced its Roval line of products in October of

3    2009, Bobrick did not file its original complaint until September of 2010.  Bobrick

4    delayed for almost a year before bringing any trademark infringement or trade

5    dress claims against ASI.  However, as admitted by Bobrick in its Action, Bobrick

6    knew at that time that ASI had introduced a line of Roval washroom products

7    whose fronts were curved and would compete directly with the Contura line of

8    washroom products for selection by design professionals, yet Bobrick intentionally

9    chose to delay bringing suit to the detriment of the public, ASI, and Bobrick's

10   other competitors.

11       47.    Upon information and belief, Bobrick improperly chose to delay

12   bringing its Action so as to allow its trademark purportedly to become

13   incontestable.  Bobrick knew that the interpretations it has now made would have

14   resulted in its trademark being contested if the claimed scope of its trademark had

15   become known.  Upon information and belief, Bobrick believed that if the

16   trademark became "incontestable," it could claim trademark and trade dress

17   protection no matter what the true merits of those claims.

18       48.    Upon information and belief, Bobrick elected to sue only ASI, even

19   though other industry competitors also manufacture and sell washroom accessories

20   with a curved front, because ASI is Bobrick's principal competition, and Bobrick

21   therefore wished to interfere with and impair ASI's business in particular.

22   Moreover, the existence of these other "curved front" washroom accessories

23   further demonstrates the generic and functional nature of Bobrick's purported

24   trademark and trade dress.

25       49.    Examples of such generic uses are rife within the industry: A&J

26   Washroom Accessories describes its stainless steel soap dispenser as including "a

27   curved front design and radius corners."  Bradley Corporation makes a stainless

28   steel waste receptacle and napkin disposal with "rounded front corners."  Toto

USA, Inc. manufactures a hand dryer with a convex shape. Upon information and belief, some of these competitive products have been on the market since as early as 1993. Photographs of select competitors' products are attached hereto as **Exhibit E**. Nonetheless, Bobrick has not brought its Action or any other ligation of this type against any competitor other than ASI.

### First Count

**(Declaratory Judgment of Unenforceability and Invalidity of Bobrick's Trademark Registration and Trade Dress 28 U.S.C. § 2201, 15 U.S.C. §§ 1051 *et seq.*)**

50.    ASI re-alleges and incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

51.    By its claims, Bobrick is asking this Court to interpret its '014 Registration, along with asserted trade dress developed under the common law, as granting it a permanent monopoly in its favor as to any commercial washroom product with a curved front, as well as to any commercial washroom product with rounded edges and corners, flanges, or a satin stainless steel finish. Bobrick claims these rights despite the expiration of design patents covering the curved ornamental design claimed in the '014 Registration, and the fact that its exclusive right to this element of the now-expired design patent has been dedicated to the public, granting any person or entity (including ASI) the right to use this generic, curved shape as the front face of washroom products without interference from Bobrick.

52.    Bobrick's purported trademark registration and trade dress developed under the common law are unenforceable and invalid because the curved shape, rounded edges and corners, flanges, and satin stainless steel finish for which Bobrick claims protection are all functional, do not make the products subject to confusion, and are not in any other way subject to trademark or trade dress protection.

53.    Bobrick is not entitled to a trademark or trade dress protection on

basic elements of design.  The "convex arc" shape on the front face of a washroom product, as well as the additional elements they claim including rounded edges and corners, flanges, and satin stainless steel finish, are so common in the industry that they cannot be said to identify a particular source.  The curved design is a generic design for the front of a washroom accessory, and there are few alternative designs available.  Granting trade dress protection to this basic product shape would create a monopoly in contemporary-styled commercial washroom products themselves. The same is true of the other claimed elements.

54.    The "convex arc" shape as used on the front face of a washroom product, as well as the rounded edges and corners and flanges, are essential to the use or purpose of the washroom accessory, and affect the cost or quality of the product.  The curved face and flanges strengthen the surface of the product.  The curved face and rounded corners and edges, for some products in the line, allow the product to have more of a physical presence in the relevant space while not presenting sharp corners to users.

55.    Moreover, as admitted in Bobrick's brochures featuring the Contura series products, the curved front design and satin stainless finish is aesthetically pleasing and offers a prestigious, sophisticated look for high-end projects.  As with "modern" designs generally, the curved front design also allows for smooth, clean lines and optimal storage capacity of washroom products.  Allowing Bobrick to monopolize all stainless steel convex arc-shaped washroom products would put competitors, including ASI, at a significant disadvantage unrelated to its reputation.

56.    Bobrick's submission of a vague, simplistic sketch – along with the words "convex 'arc' shape" – cannot permanently exclude others from manufacturing any accessories with a generic curved shape for installation in a washroom.

57.    Because Bobrick's purported trademark registration and trade dress

AMERICAN SPECIALTIES INC.'S
FIRST AMENDED COUNTERCLAIMS

for the "convex arc" shape of the front face of a washroom product, as well as the other claimed elements (including rounded edges and corners, flanges, and satin stainless finish), are invalid, unprotectable, and unenforceable, ASI's Roval products do not violate any rights of Bobrick.

58.   To resolve the actual controversy between the parties, ASI is entitled to a declaratory judgment that Bobrick's '014 Registration and trade dress for the "convex arc" shape of the front face of a washroom product, as well as the other claimed elements (including rounded edges and corners, flanges, and satin stainless finish), are unenforceable and invalid, and thus cannot form the basis for a trademark infringement action against ASI under the trademark laws and the unfair competition laws of the United States.

59.   Because Bobrick's marks and registrations enumerated above are unenforceable and invalid, they are also subject to cancellation under 15 U.S.C. §§ 1119 and 1064.

## Second Count

### (Declaratory Judgment of No Trademark Infringement or False Designation of Origin – 28 U.S.C. § 2201, 15 U.S.C. §§ 1051 *et seq.*)

60.   ASI re-alleges and incorporates by reference paragraphs 1 through 59 as though fully set forth herein.

61.   Bobrick does not have any valid trademark rights as it asserts, and thus there is no infringement by ASI's sale of its Roval products.

62.   In addition, ASI's use of a curved front in its Roval line of products, as well as the other claimed elements (including rounded edges and corners, flanges, and satin stainless finish), does not violate Bobrick's purported rights because there is no likelihood of confusion between ASI's Roval products and Bobrick's Contura products, and there is no legally cognizable basis for Bobrick to be granted any trade dress rights.  Among other things, the mark alleged by

1    Bobrick in no way identifies Bobrick as the source of the claimed trade dress.

2        63.    ASI markets its products to expert buyers who take great care in

3    making their purchasing decisions.  There are numerous differences between ASI's

4    Roval products and Bobrick's Contura products, including the fact that ASI

5    includes its name on all of its Roval products, the purchasing architect or design

6    professional ordering Roval products specifics product numbers unique to ASI, and

7    the products have different features that are outwardly apparent to its sophisticated

8    buyers.

9        64.    In selecting a curved front design, ASI created a product line for the

10   high-end commercial washroom, with clean lines, one-piece seamless doors, and a

11   brushed stainless steel finish.  There are only a few limited ways to design the front

12   face of a washroom product.  As a result, others in the marketplace besides ASI

13   manufacture and sell washroom accessories with a curved front.  Additionally, the

14   other claimed elements (including rounded edges and corners, flanges, and satin

15   stainless finish) are basic, commonplace features.

16       65.    To resolve the actual controversy between the parties, ASI is entitled

17   to a declaratory judgment that there is no likelihood of confusion between ASI's

18   Roval products and Bobrick's Contura products, and, therefore, ASI has not

19   infringed, and cannot infringe, the '014 Registration or the trade dress asserted in

20   Bobrick's Complaint.

**Third Count**
**(Petition to Cancel Trademark Registration No. 2,951,014 –
15 U.S.C. §§ 1119 and 1064(3))**

21

22

23       66.    ASI re-alleges and incorporates by reference paragraphs 1 through 65

24   as though fully set forth herein.

25       67.    Bobrick is the owner of U.S. Trademark Registration No. 2,951,014

26   on the Principal Register for the trademark "consist[ing] of the shape of the front

27   face of a washroom product, the front face having a convex 'arc' shape as viewed

28   from above."

LA01/ 1015329.2                              - 18 -                      AMERICAN SPECIALTIES INC.'S
                                                                      FIRST AMENDED COUNTERCLAIMS

68.     The trademark is invalid and unenforceable.

69.     This trademark depicts a generic image for the goods for which it is registered, and as such, should be cancelled under 15 U.S.C. § 1064(3).

70.     The "convex arc" shape for the front face of a washroom product as claimed in this trademark also serves important functional purposes, and, as such, the trademark should be cancelled under 15 U.S.C. § 1064(3) for this additional reason.

71.     Pursuant to 15 U.S.C. § 1119, this Court has authority to cancel U.S. Trademark Registration No. 2,951,014, and therefore ASI is entitled to an Order cancelling it on the grounds set forth in 15 U.S.C. § 1064(3).

### Fourth Count

**(Declaratory Judgment of No Counterfeiting of Bobrick's Trademark Registration – 28 U.S.C. § 2201, 15 U.S.C. §§ 1116 et seq.)**

72.     ASI re-alleges and incorporates by reference paragraphs 1 through 71 as though fully set forth herein.

73.     Bobrick contends for the first time in its First Amended Complaint that ASI's Roval Collection is a counterfeit reproduction of Bobrick's Contura series of products and the "convex arc" product configuration which Bobrick claims is protected by its trademark.

74.     There are numerous differences between ASI's Roval products and Bobrick's Contura products, and ASI's products have been manufactured to be functionally superior to Bobrick's Contura products.  ASI includes its name on all of its Roval products, the purchasing architect or design professional ordering Roval products specifies product numbers unique to ASI, and the products have different features that are outwardly apparent to its sophisticated buyers.  For example, certain of ASI's products feature removable garbage cans, flared integral locking systems, 3/16" staked piano hinges, folded flanges over the tops of garbage receptacles, and superior paper towel cutouts, just to name a few.

75.   To resolve the actual controversy between the parties, ASI is entitled to a declaratory judgment that it has not counterfeited Bobrick's '014 Registration, or any Bobrick products embodying the '014 Registration, and that the products in ASI's Roval Collection are not identical with, or substantially indistinguishable from, Bobrick's claimed trademark as set forth in the '014 Registration.

### Fifth Count

### (False Patent Marking – 35 U.S.C. § 292)

76.   ASI re-alleges and incorporates by reference paragraphs 1 through 75 as though fully set forth herein.

77.   Bobrick has violated Section 292 of the Patent Act by falsely marking and advertising the Falsely Marked Products with the intent to deceive the public.

78.   It was a false statement for Bobrick to advertise the Falsely Marked Products as "patented" when the relevant patents have expired, and the patents listed by Bobrick as covering its "patented" products do not cover the Falsely Marked Products.

79.   Bobrick knew that the Falsely Marked Patents had expired or were otherwise inapplicable to the Falsely Marked Products, and knew that it was a false statement to advertise the Falsely Marked Products as "patented" when they were not.

80.   Bobrick used the word "Patented" and listed the Falsely Marked Patents in advertising in connection with the Falsely Marked Products for the purpose of deceiving the public. Bobrick had the express intent of deceiving the public into believing that something contained in or embodied in the product was covered by or protected by the expired patents. The competitive advantage gained by marking its products with expired or inapplicable patents provided a strong motive for Bobrick to deceive the public about the patented status of the Falsely Marked Products.

81.   The false marking and advertising alleged above caused proprietary

AMERICAN SPECIALTIES INC.'S
FIRST AMENDED COUNTERCLAIMS

injury to the United States.  The marking and false marking statutes exist to give the public notice of patent rights.  Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design, such as the Falsely Marked Products.  Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas which are, in reality, a part of the public domain – such as those described in the Falsely Marked Patents.  Congress's interest in preventing false marking was so great that it enacted a statute which sought to encourage private parties to enforce the statute.  By permitting members of the public to bring *qui tam* suits on behalf of the government, Congress authorized private persons like ASI to help control false marking.

82.     The acts of false marking and advertising alleged above deter innovation and stifle competition in the marketplace.  Moreover, the false marking and advertising alleged above misleads the public into believing that the Falsely Marked Patents give Bobrick control of, and a monopoly over, the Falsely Marked Products (as well as like products), and places the risk of determining whether the Falsely Marked Products are covered by such patents on competitors and the public, thereby increasing the cost of ascertaining who, if anyone, in fact controls any intellectual property embodied in the Falsely Marked Products.

83.     The false marking and advertising alleged in this case also creates a misleading impression that the Falsely Marked Products are technologically superior to previously available products, as the public may presume that products bearing the term "patent" are novel, useful, and innovative.

84.     The false marking alleged in this case, including the advertising of the Falsely Marked Products, has quelled competition with respect to similar products to an immeasurable extent, thereby causing harm to the United States in an amount that cannot be readily determined.

85.     The false marking and advertising alleged in this case constitutes

AMERICAN SPECIALTIES INC.'S
FIRST AMENDED COUNTERCLAIMS

wrongful and illegal advertisement of a patent monopoly that does not exist, and, as a result, has resulted in increasing, or at least improperly maintaining, Bobrick's market power or commercial success with respect to the Falsely Marked Products.

86.    Each individual false marking and advertising (including each time an advertisement with such marking is accessed on the internet) is likely to harm, or at least potentially harm, the public. Thus, each such false marking is a separate offense under 35 U.S.C. § 292(a).

87.    The false marking and advertising alleged in this case caused injuries to the sovereignty of the United States arising from violations of federal law, and caused proprietary injuries to the United States. Each offense of false marking creates a proprietary interest of the United States in the penalty that may be recovered under 35 U.S.C. § 292(b).

88.    Due to at least Bobrick's intentional deceit in connection with the above-alleged false marking and advertising, this Counterclaim is an exceptional case under 35 U.S.C. § 285, and ASI is entitled to its attorneys' fees.

## Sixth Count

### (For Monetary Damages and Restitution for Unfair Business Practices)

89.    ASI re-alleges and incorporates by reference paragraphs 1 through 88 as though fully set forth herein.

90.    In intentionally and illegally seeking to create for itself a monopoly in the marketplace for curved washroom products, Bobrick has intentionally interfered with the prospective business advantage of ASI, and has engaged in anticompetitive conduct which violates, among other things, California Business and Professions Code Section 17200, *et seq.*

91.    Specifically, Bobrick has engaged in wrongful and illegal marketing, advertisement, and anticompetitive conduct by falsely marking and advertising its Falsely Marked Products as patented, when they are not. By these actions, Bobrick sought to deter innovation and stifle competition in the marketplace, and to mislead

competitors and consumers into believing that the Falsely Marked Patents gave
Bobrick control of, and exclusive rights over, the Falsely Marked Products (as well
as like products). This, too, has impaired ASI from freely operating in the
commercial washroom accessories marketplace.

92.    Bobrick's conduct has resulted in ASI losing both actual and potential
sales, and has damaged ASI's business reputation, in a sum according to proof.

93.    The conduct in which Bobrick has engaged has been intentional and
performed with fraud, oppression, or malice, entitling ASI to an award of damages
for the sake of example and by way of punishing Bobrick.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Countercomplainant ASI requests the
following relief against Plaintiff and Counter-defendant Bobrick, as well as its
employees and/or agents:

1.    A declaratory judgment that the curved shape of Bobrick's line of
Contura products that is purported to be the subject of U.S. Trademark Registration
No. 2,951,014, became dedicated to the public upon expiration of Bobrick's
patents no later than the end of the year in 2007, that the curved shape of the
Contura line of products is within the public domain, and that the trademark
registration is unenforceable and invalid, and therefore cannot form the basis for a
trademark infringement action under the trademark laws and the unfair competition
laws of the United States or of any state;

2.    A declaratory judgment that U.S. Trademark Registration No.
2,951,014, and the trade dress asserted in Bobrick's FAC are generic and
functional;

3.    A declaratory judgment that ASI does not infringe any trademarks or
trade dress owned or asserted by Bobrick in any way;

4.    A declaratory judgment that ASI has not counterfeited any trademark
or trade dress of Bobrick's, and that ASI's Roval Collection products are not a

1 counterfeit of Bobrick's Roval series of products;

2   5. An Order under 15 U.S.C. § 1119 instructing the U.S. Patent and

3 Trademark Office to cancel Bobrick's U.S. Trademark Registration No. 2,951,014,

4 on the grounds set forth in 15 U.S.C. § 1064(3) for genericness and functionality;

5   6. A permanent injunction prohibiting Bobrick and its agents from filing

6 suit, or threatening to file suit, against ASI and those persons or entities acting with

7 ASI's authorization due to the use of a "convex arc" shape, rounded edges or

8 corners, recessed or exposed flanges, or a #4 satin stainless steel finish in any of its

9 washroom products;

10   7. A declaratory judgment that Bobrick has not sustained any damages

11 as a result of ASI's sales of its Roval products or any other use of the "convex arc"

12 shape, rounded edges or corners, recessed or exposed flanges, or a #4 satin

13 stainless steel finish in its washroom products;

14   8. An Order under 35 U.S.C. § 292 finding Bobrick in violation of

15 federal law for falsely marking its products as "patented," and ordering Bobrick to

16 pay a civil monetary fine of $500 per false marking offense, or an alternative

17 amount determined by the Court, one-half of which shall be paid to the United

18 States;

19   9. A declaration of this as an exceptional case under 35 U.S.C. § 285;

20   10. Compensatory damages and restitution in a sum according to proof;

21   11. Punitive damages in an amount sufficient to punish Bobrick for its

22 oppressive, fraudulent, or malicious conduct and to serve as a example;

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

12.   ASI's attorneys' fees and costs of suit; and

13.   Such other further relief as the Court shall deem just and proper.

Dated:   April 22, 2011                              DRINKER BIDDLE & REATH LLP

By: _____
   Henry Shields, Jr.
   Attorneys for Defendant
   American Specialties, Inc.

AMERICAN SPECIALTIES INC.'S
FIRST AMENDED COUNTERCLAIMS