UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6938 SVW (PLA) | Date | October 5, 2011 |
|---|---|---|---|
| Title | Bobrick Washroom Equipment, Inc. v. American Specialties, Inc. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER re DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION [99]

     Defendant filed the instant Motion for Summary Judgment or Alternatively for Summary Adjudication on August 22, 2011. (Dkt. 99). The Court heard oral argument on October 3, 2011. At oral argument, the Court stated that it was inclined to grant Defendant's motion with respect to the functionality of Plaintiff's claimed trademark (*i.e.*, the "Convex Arc"), but not with respect to Plaintiff's claimed trade dress (*i.e.*, the combination of the Convex Arc with five additional product features).[1]

     After oral argument, however, the Court re-examined the factual record currently before it. While the Court still believes that the record favors a finding of functionality under the four-factor test applied in the Ninth Circuit, the Court nevertheless concludes that triable issues of material fact remain with respect to the proper determination and weighing of these factors. See generally Disc Golf Ass'n v. Champion Discs, Inc., 158 F.3d 1002, 1006 (9th Cir. 1998) (when determining functionality, courts consider: (1) whether the design yields a utilitarian advantage; (2) whether alternative designs are available; (3) whether advertising touts the utilitarian advantages of the design; and (4) whether the particular design results from a comparatively simple or inexpensive method of manufacture).

---

     [1] At oral argument, counsel for Defendant clarified Defendant's position with respect to Plaintiff's claimed trade dress. For purposes of the instant motion, Defendant is challenging only the non-functionality of Convex Arc itself; Defendant is not challenging what Plaintiff refers to as its claimed trade dress; *i.e.*, the combination of the Convex Arc with the following five product features: (1) cabinets and doors including rounded edges and corners which match one another, and which are curved to complement the Convex Arc; (2) recessed cabinet flanges including rounded edges and corners which are curved to complement the Convex Arc; (3) partially exposed flanges behind the doors; (4) partially exposed flanges behind the waste receptacles; and (5) outward-facing surfaces formed of #4 satin finish stainless steel. (See Opposition, at 1).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6938 SVW (PLA) | Date | October 5, 2011 |
|---|---|---|---|
| Title | Bobrick Washroom Equipment, Inc. v. American Specialties, Inc. | | |

    Accordingly, Defendant's Motion for Summary Judgment is DENIED. All relevant issues remain open for adjudication at trial, including functionality, secondary meaning, and likelihood of confusion. At trial, the Court directs the parties to present evidence regarding the functionality of Plaintiff's claimed trademark and trade dress first, as a finding with respect to functionality (and thus validity) may circumscribe the need for additional evidence.

    The parties are further directed to comply with the Court's standard Civil Trial Preparation Order's instructions for Court Trials, (<u>see</u> Dkt. 47), as modified by the Court's recently-issued order regarding scheduling, (Dkt. 141).

:

Initials of Preparer      PMC