# **EXHIBIT 3**

United States District Court

Central District of California

Western Division

**Bobrick Washroom Equipment, Inc.,**

A California Corporation

**Plaintiff,**

**v.**                                        Case No. 2:10-CV-06938-SVW (PLAx)

**American Specialties, Inc.,**

A New York Corporation

**Defendant.**

Report of Cooper C. Woodring Rebutting the

Expert Report of Dr. Christoph M. Hoffmann

**Table of Contents for the Rebuttal Report of Cooper C. Woodring**

1

I. Introduction

       A. Qualifications
       B. Scope of Opinions
       C. Summary of Opinions

II.    Opinions Regarding Geometric Modeling

III.   Conclusions

IV.   Statements and Disclosures

I.    Introduction

A. **Qualifications**

1. My qualifications were stated in my Expert Report, dated September 2, 2011. But to reiterate a few highlights, I am an industrial designer with a Bachelor's and Master's degrees in Industrial Design; I spent a majority of my career as Manager of New Product Development and Design with 20 billion dollar JCPenney in New York City; and I am a past-President of the Industrial Designers Society of America ("IDSA").

B. **Scope of Opinions**

2. I was retained as an expert witness in this litigation by DLA Piper to opine whether American Specialties, Inc's. ("ASI") Roval Series of products infringe Bobrick Washroom Equipment, Inc's. ("Bobrick") Contura Series® trade dress. In my Expert Report, dated September 2, 2011, I concluded that the eight factors determining the likelihood of confusion had all been fully satisfied. Although Bobrick does not bear the burden on issues of distinctiveness and non-functionality, I found the five factors determining distinctiveness and the four factors determining non-functionality were all fully satisfied as well. I therefore concluded that ASI's Roval Series infringed Bobrick's Contura Series® trade dress as all seventeen factors to be considered had been fully satisfied.

3. I will now opine on Dr. Christoph M. Hoffmann's Expert Report, dated September 2, 2011, and the opinions he offers.

C. **Summary of Opinions**

4. It is my opinion that Bobrick's "convex arc" trade dress is not ambiguous and that ASI's Roval Series of washroom products do infringe claimed Bobrick's trade dress.

## II. Opinions Regarding Geometric Modeling

5. In paragraph 2, Dr. Hoffmann states: "Specifically, I have been retained to provide opinions on the geometric modeling of the [Bobrick] products. And, in paragraph 19, Dr. Hoffmann states: "Based on my examination, I conclude that the curve on the front doors of the Contura series products varies and is not uniformly 27 degrees, contrary to what Bobrick claims."

6. Bobrick's Contura Series® claimed trade dress is: "The shape of the front face of a washroom product, the front face having a convex 'arc' shape as viewed from above."

7. Dr. Hoffmann is certainly correct that the front faces of the Contura Series® washroom products "vary and are not uniformly 27 degrees". Bobrick's trade dress, as quoted above in paragraph 6, has no limitation of 27 degrees, or any other range of degrees for that matter. It simply claims a "convex arc" which Dr. Hoffmann, in paragraph 27 and 28 claims is "ambiguous," despite the fact that the trade dress is illustrated in US Trademark Serial No. 2,951,014.

8. In my Expert Report, dated September 2, 2011, in paragraph 16, I stated: "It is a common defense strategy for a defendant to claim that the plaintiff's claimed trade dress is 'insufficiently described' or that it is 'too vague to be accurately interpreted.' This is simply not the case with Bobrick's claimed trade dress. A person of ordinary skill in the art, e.g., an industrial designer, like me, or an architect or a building owner could accurately depict the product's design from having read Bobrick's claimed trade dress. Conversely, one of ordinary skill in the art would also know when a design was not infringing Bobrick's design by reading the claimed trade dress."

9. Also, in my Expert Report, in paragraph 30, I describe a telephone call with David M Hines, the designer of primary responsibility of the Contura

4

Series®, in part, and as follows: "Mr. Hines told me that his ornamental arc design exists for purely aesthetic reasons and to identify the products' appearance with its maker, Bobrick. He also explained that the specific radii of the arc varied in its application to various Contura Series® products. For example, in its application to a product that is 17 inches wide the radii is 36 inches, while on a narrower product the radii would be somewhat smaller. This, he explained, gives the various products a more consistent overall appearance. While different products vary the front face's arc, measured from side to side, is generally about twenty seven (27) degrees of circumferential curvature of a three hundred and sixty (360) degree circle."

10. Exhibit 1 shows twenty seven 27 degrees of circumferential curvature of a three hundred and sixty (360) degree circle. I show this graphic simply to clarify what a 27 degree arc is, not that it is relevant to Bobrick's claimed trade dress. Dr. Hoffmann's analysis that Bobrick's convex arc varies from 18 to 28 degrees may in fact be accurate and seems proportionately consistent with designer Hines characterization of "generally about 27 degrees".

11. Dr. Hoffmann puts his findings into perspective in paragraph 26, where he states: "Bobrick did not specify any specific degree of arc in its trademark registration or Unregistered Contura Trade Dress." I understand this to mean that Dr. Hoffmann agrees that Bobrick's claimed trade dress is not limited to an arc of 27 degrees, or any other range of degrees.

### III. Conclusions

12. As Bobrick's claimed trade dress is not limited to any specific convex arc, such as a 27 degree arc, Dr. Hoffmann's finding that Bobrick's convex arc varies between 18 and 27 degrees is irrelevant to determining trade dress infringement.

13. Bobrick's claimed trade dress, "The shape of the front face of a washroom product, the front face having a convex 'arc' shape as viewed from above" is unambiguous, sufficiently described, and easily and accurately compared to accused products for purposes of determining infringement, and is infringed by ASI's Royal Series washroom products.

## IV. Statements and Disclosures

14. In compliance with Federal Rule of Evidence 702, my opinion is based upon sufficient facts or data and is the product of reliable principles and methods. I have applied the principles and methods reliably to the facts in this case.

15. I am fully familiar with the facts in this Report and they are based upon my own personal knowledge.

16. I declare under penalty of perjury under the laws of United States that the foregoing is true and correct.

17. I have personal knowledge of the facts stated in this Report, and would and could competently testify to these facts if called upon to do so.

18. For my time in this case, I am being compensated at my customary rate of $360 per hour. My compensation does not depend upon the outcome of this litigation, the opinions I express, or my testimony.

Respectfully submitted,

_____            MON 19 SEPT '11
Cooper C. Woodring                          Monday 19 September 2011

# Exhibit 1

Case 2:10-cv-06938-SVW -PLA Document 144-3 Filed 10/11/11 Page 8 of 9 Page ID #:4858

The "pie" shaped segment represents 27 degrees of circumferential curvature of a 360 degree circle.

