# **EXHIBIT 4**

United States District Court

Central District of California

Western Division

**Bobrick Washroom Equipment, Inc.,**

A California Corporation

**Plaintiff,**

v.                                                          Case No. 2:10-CV-06938-SVW (PLAx)

**American Specialties, Inc.,**

A New York Corporation

**Defendant.**

Report of Cooper C. Woodring Rebutting the
Expert Report of Dr. Steven R. Schmid

# Table of Contents for the Rebuttal Report of Cooper C. Woodring

I. Introduction

      A. Qualifications

      B. Scope of Opinions

      C. Summary of Opinions

II. Opinions Regarding Functionality

III. Opinions Regarding ASI's Contour Design

IV. Conclusions

V. Statements and Disclosures

I.   Introduction

A.   Qualifications

1.   My qualifications were stated in my Expert Report, dated September 2, 2011. But to reiterate a few highlights, I am an industrial designer with a Bachelor's and Master's degrees in Industrial Design; I spent a majority of my career as Manager of New Product Development and Design with 20 billion dollar JCPenney in New York City; and I am a past-President of the Industrial Designers Society of America ("IDSA").

B.   Scope of Opinions

2.   I was retained as an expert witness in this litigation by DLA Piper to opine whether American Specialties, Inc's. ("ASI") Royal Series of products infringe Bobrick Washroom Equipment, Inc's. ("Bobrick") Contura Series® trade dress. In my Expert Report, dated September 2, 2011, I concluded that the eight factors determining the likelihood of confusion had all been fully satisfied. Although Bobrick does not bear the burden on issues of distinctiveness and non-functionality, I found the five factors determining distinctiveness and the four factors determining non-functionality were all fully satisfied as well. I therefore concluded that ASI's Royal Series infringed Bobrick's Contura Series® trade dress as all seventeen factors to be considered had been fully satisfied.

3.   I will now opine on Dr. Steven R. Schmid's Expert Report, dated September 2, 2011, and the opinions he offers.

C.   Summary of Opinions

4.   It is my opinion that Bobrick's "convex arc" trade dress is non-functional. The alleged existence of ASI's "Contour" line of washroom products does not change my opinion, as the "Contour" line of washroom products and Bobrick's

Contura Series products have substantially different visual shapes, virtually eliminating any purported similarities between the appearances of the products.

## II.  Opinions Regarding Functionality

5. A product feature is functional if it is *essential* to the product's use or purpose. See *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 855 (1982). In this case the product feature in question is Bobrick's "front face having a convex arc shape when viewed from above". There is no reasonable basis for anyone, particularly a mechanical engineer, to believe that a convex arc shaped front face when viewed from above is essential or absolutely necessary to the use and purpose of washroom products. If Bobrick's Contura Series® design were essential or absolutely necessary, then all washroom products would have to have convex arc shaped front faces when viewed from above, which obviously they don't.

6. Dr. Schmid states in paragraph 17: "It is my opinion that a curved front face on washroom products is functional because such a front face increases the strength and stiffness of the product". A curved front face may well increase strength and stiffness over a flat front face, but that does not make a curved front face essential to a washroom product's use or purpose.

7. One of the factors to consider in evaluating functionality is: "Whether the design yields a utilitarian advantage". If, as Dr. Schmid opines, the degree of strength and stiffness are the basis for determining whether a design is functional or yields a utilitarian advantage, then Bobrick's convex front face is *less* functional or yields a utilitarian *disadvantage* when compared to Bradley's Diplomat line of washroom products, which have "unique dual-curve geometry" (see Exhibit 1 for Bradley's Diplomat design). If a one-way curved front face is stronger and stiffer than a flat front face, then a two-way or compound curved front face is stronger and stiffer than a one-way curved front face. If the

4

strongest and stiffest design is the most functional, then Bobrick's design is *less* functional than other available designs, such as Bradley's Diplomat line of products, and yields a utilitarian *disadvantage*.

8. Dr. Schmid compares Bobrick's convex front face design only to a flat front face design (and only for purposes of determining the degree of strength and stiffness) and summarily concludes that Bobrick's convex front face is functional or is *essential* to the use or purpose of washroom products. Even if Bobrick's design is stronger and stiffer than some other hypothetical design, having *some* function does not render Bobrick's design primarily functional. The very quality that makes Bobrick's design stronger than a flat faced design also makes it more expensive, yielding another utilitarian *disadvantage*.

9. As noted in my September 2, 2011 Expert Report in paragraph 33, there are several alternative designs having one-way convex curved front faces that do not infringe Bobrick's claimed trade dress because they have convex curves when viewed from the side, not the top.

### III. Opinions Regarding ASI's Contour Line

10. Dr. Schmid verbalizes that the curved front face of ASI's "Contour" line design is somehow the "exact same feature" as Bobrick's convex front face design, but he does not show what ASI's Contour line looks like, or which features are even similar, and for good reason. Exhibit 2 contains three pages of drawings of ASI's Contour line. While both designs can be *verbally* characterized as having curved features in the abstract, even a brief *visual* comparison reveals that the two designs look nothing alike.

11. ASI's Contour line has curved sides when viewed from the front. Explained another way, the front view is boat shaped or has convex curved vertical sides and a blunt or flat top and bottom. The width of the design is

5

greater in the center than at the top or bottom, and the front face is flat when viewed from the top, side or bottom. Conversely, Bobrick's design is rectangular when viewed from the front and has a curved front face when viewed from the top. Bobrick is not trying to prohibit a competitor from using *any* curved front face design, only the specific one that has a convex curve when viewed from above (e.g the one used specifically in the various Contura Series products).

12. Dr. Schmid also opines that he saw no evidence of Bobrick submitting the ASI Contour line design to the United States Patent and Trademark Office ("USPTO") when Bobrick applied for eighteen (18) design patents in the early 1990s. While the submitted prior art varied somewhat among Bobrick's design patent applications, typically Bobrick submitted about sixteen (16) prior art designs that they felt were material to the examination, including an "American Specialties, Inc. brochure Quality Washroom Accessories, Series 9000, 4 pages". Notwithstanding the substantial differences in the appearance of the products in question, there is no proof in this case that Bobrick was even aware of ASI's Contour line design when the referenced design patents were being prosecuted before the USPTO, making Dr. Schmid's conclusions irrelevant.

13. Directly above the upper right corner of the illustration that shows ASI's Contour line design, on the third page of Exhibit 2, are the words "Patent Pending." Assuming that ASI did actually have a patent application pending for this product, it appears that the USPTO was aware of ASI's Contour line design. The Examiner did not cite ASI's Contour line design in any of Bobrick's eighteen (18) design patent applications, which carries a strong presumption that the Examiner found them irrelevant.

IV. Conclusions

14. I disagree with Dr. Schmid's opinion that Bobrick's convex front face design is functional.

6

15. I disagree with Dr. Schmid's opinion that ASI's Contour line design is relevant in any way to Bobrick's convex arc design, and his opinion that Bobrick should have made the USPTO aware of the design (since the products do not look like each other and there is no proof Bobrick was even aware of it).

V. **Statements and Disclosures**

16. In compliance with Federal Rule of Evidence 702, my opinion is based upon sufficient facts or data and is the product of reliable principles and methods. I have applied the principles and methods reliably to the facts in this case.

17. I am fully familiar with the facts in this Report and they are based upon my own personal knowledge.

18. I declare under penalty of perjury under the laws of United States that the foregoing is true and correct.

19. I have personal knowledge of the facts stated in this Report, and would and could competently testify to these facts if called upon to do so.

20. For my time in this case, I am being compensated at my customary rate of $360 per hour. My compensation does not depend upon the outcome of this litigation, the opinions I express, or my testimony.

Respectfully submitted,

_____        _MON 19 SEPT '11_
Cooper C. Woodring                      Monday 19 September 2011

# Exhibit 1

# moving beyond the same old

## Elevate your restroom's look with DIPLOMAT™

With unique dual-curve geometry, Bradley's latest commercial-grade accessories are a sleek and elegant finishing touch to any restroom. With the most models available in this class, Diplomat™ Accessories complete the look of the restroom – don't settle for less. Move beyond the same-old same-old with the modern refinement of Diplomat Accessories by Bradley.

Coming Summer 2011

**Bradley** 90
Celebrating 90 Years of Innovation
1921·2011

BOBRICK03240

Bradley ingenuity introduces Diplomat Accessories to complete your restroom look. Diplomat's dual-curve geometry and an array of unique features place your restroom on a plane above the same old, same old.

## Diplomat difference!

**Diplomat roll-towel dispensers:** manual, automatic or customer choice roll-towel options. Most popular brands will fit – no more unsightly holes in the walls, less wasted paper and easy maintenance.

**Folded towel dispensers** are easy to load, easy to service.

**Waste containers** with internal hook system conceal trash bags for a clean look.

**Napkin/tampon vendors** are ADA-compliant – no jams, no false feeds.
**Napkin/tampon waste receptacles** accept all after-market industry liners.

**Toilet tissue dispensers** dispense freely with no binding – through-partition tissue dispenser also available. **Seat-cover dispensers** complete the line.

**Locks** are easily accessible and **a single key** opens all models for convenience and fast service.



Combi Towel Dispenser/Waste Receptacle Model 2A05



Towel Dispenser Model 2A00



Waste Receptacle Model 3A05

Seat Cover Dispenser Model 5A40



Toilet Tissue Dispenser Model 5A10



Napkin/Tampon Vendor Model 4A20



Through Partition Napkin/Tampon Waste Receptacle Model 5A20

*Patents pending*

### Soap Dispenser
Accepts all liquid soaps and hand sanitizers. Hundreds of thousands of cycles, tested in high traffic settings.



Soap Dispenser Model 6A00

**See all Diplomat models on bradleycorp.com/diplomat**

800.BRADLEY (800.272.3539)  bradleycorp.com
W142 N9101 Fountain Boulevard
Menomonee Falls, WI 53051
bradleycorp.com
4043-5-0311




BOBRICK03241

Exhibit 2




ACCESSORY SPECIALTIES INC.

26d / Ac

The accessories on the following 32 pages will completely equip any washroom... beautifully!!

ASI00862

# contour line

### features

An architect inspired creation worthy of the world of tomorrow, heralds a new era in washroom design. Heavy duty reinforced epoxy with a permanently bonded "duralite" finish combines with satinless steel for the ultimate in architectural license and flexibility.

### specifications

Doors shall be heavy duty reinforced epoxy, with bonded "duralite" finish, color as selected by architect. Interior body of 22 gauge type 304 18-8 alloy stainless steel with all exposed surfaces having #4 satin finish. Door trim to be stainless steel with #4 finish.

Some color suggestions:




tan tint 1    grey tint 3
blue tint 2   yellow tint 2
green tint 2

2

**SOAP LEAF AND PAPER TOWEL DISPENSER**——furnished with 1000 individual washes. Also standard C-fold dispensing mechanism——multi-fold available.
overall size: 20 x 34 x 4
wall opening: 15 ¼ x 24 ¼ x 4



3452

**PAPER TOWEL DISPENSER**——furnished with standard C-fold dispensing mechanism——multi-fold available.
overall size: 20 x 34 x 4
wall opening: 15 ¼ x 24 ¼ x 4



3450



3455

**PAPER TOWEL DISPOSAL UNIT**——removable container, 26 gauge stainless steel.
overall size: 20 x 31 x 7 ½
wall opening: 15 ¼ x 29 ¼ x 7 ¾

* See SOAP LEAF DISPENSER page 20-21



3466

**SANITARY NAPKIN DISPENSER**——features an exclusive rotary coin selector. Dispenses all shapes and package sizes sanitary napkins, Kotex, Modess, and including Tampons. Special storage feature provides a capacity of approximately 65 napkins. Available with 5¢, 10¢ or gratis coin operation. overall size: 20 x 27 x 4
wall opening: 15 ¼ x 25 ¼ x 4

ASI00863

SANITARY NAPKIN DISPOSAL UNIT—Removable container, 26 gauge stainless steel.
overall size: 13½ x 16½ x 4¼
wall opening: 10 x 15 x 4¼



3470A

TOILET SEAT COVER DISPENSER
capacity: 200 seat covers
overall size: 13½ x 16½ x 1⅞
wall opening: 9¾ x 11⅞ x 2



3475



3470

SANITARY NAPKIN DISPOSAL UNIT—(for tandem mounting with 3466 sanitary napkin dispenser). Removable container, 26 gauge stainless steel.
overall size: 20 x 16 x 4
wall opening: 15¼ x 14½ x 4¼



COMBINATION PAPER TOWEL DISPENSER AND DISPOSAL UNIT—furnished with standard C-fold dispensing mechanism (multi-fold or single fold available), removable container, 26 gauge stainless steel. Overall size: 20 x 64 x 7½, wall opening: 15¼ x 52¼ x 7¼

ASI00864