| | |
|---|---|
| 1 | Robert J. Benson (Bar No. 155971) |
| 2 | robert.benson@dlapiper.com |
|   | DLA PIPER LLP (US) |
| 3 | 1999 Avenue of the Stars, Suite 400 |
|   | Los Angeles, CA 90067-6023 |
| 4 | Phone: (310) 595-3000 |
|   | Fax: (310) 595-3300 |
| 5 | |
| 6 | Darius C. Gambino – *admitted pro hac vice* |
|   | darius.gambino@dlapiper.com |
| 7 | DLA PIPER LLP (US) |
|   | 1650 Market St., Suite 4900 |
| 8 | Philadelphia, PA 19103 |
|   | Telephone: (215) 656-3300 |
| 9 | Facsimile: (215) 656-3301 |
| 10 | |
|    | Attorneys for Plaintiff |
| 11 | BOBRICK WASHROOM EQUIPMENT, INC. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC., a California Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>AMERICAN SPECIALTIES, INC., a New York Corporation,<br><br>  Defendant. | CASE NO.: 10-6938 (SVW)/(PLA)<br><br>**TRIAL DECLARATION OF DR. ROBERT M. FRANK**<br><br>Judge: The Honorable Stephen V. Wilson<br><br>Action Filed:       Sept. 17, 2010<br>Discovery Cutoff:   Oct. 4, 2011<br>Pretrial Conf.:     None Set<br>Trial Date:         October 18, 2011 |

EAST\46869652.1

1. I, Robert M. Frank, am the owner, President and Founder of Illuminor, LLC ("Illuminor"). My office is located at 4450 South Park Ave., #1616, Chevy Chase, Maryland 20815. A copy of my Curriculum Vitae setting forth my education and professional experience is attached to this Declaration as Ex. 1.

2. Prior to founding Illuminor, I started a company called CORSEARCH®. In 1985, I transformed CORSEARCH® from a case law research company into an intellectual property research firm specializing in trademark searching. I sold CORSEARCH® in 1996 at a time when the company was completing nearly 20,000 trademark searches per year primarily for Fortune 500® companies. I estimate that I personally conducted over 5,000 full U.S. trademark searches, and that I personally reviewed at least 45,000 trademark searches while at CORSEARCH®.

3. I have been retained as an expert by the Plaintiff in this action, Bobrick Washroom Equipment Inc. ("Bobrick"), to provide opinions regarding Bobrick's trade dress, and the infringement thereof by the Defendant in this action, American Specialties, Inc. ("ASI"). In particular, I have been retained to respond to ASI's allegations of genericness and functionality with respect to Bobrick's registered and incontestable trade dress in its "Convex Arc" for washroom accessories protected by U.S. Reg. No. 2,951,014 (hereinafter the "'014 Registration"). A copy of my Report in this matter is attached to this Declaration as Ex. 2.

4. I have conducted an investigation with regard to my charge in this matter, and have determined the following: (1) there is no evidence of any third party uses of the Convex Arc for washroom accessories (other than by Bobrick and ASI), (2) there is no evidence that washroom accessories are categorized by shape, (3) there is no evidence that the Convex Arc is generic for washroom accessories,

1  and (4) there is no evidence that the Convex Arc is functional for washroom accessories.

5.  As part of my investigation in this matter, I personally inspected the Bobrick Contura Series® products including the Convex Arc, as well as corresponding Roval Series products. That inspection took place at the offices of DLA Piper in Philadelphia, Pennsylvania in August 2011. During that inspection, I took photographs of the respective products, and those photographs are included in my Report in this matter.

6.  Also as part of my investigation in his matter, I spoke with two (2) personal friends, one who is a construction consultant, and the other who is a commercial architect. It is my understanding that construction consultants and commercial architects are imminently involved in the purchasing process for washroom accessories. Without revealing the nature of this dispute or my role, I had brief discussions with each of these individuals (separately) regarding the process for specifying and purchasing washroom accessories for Class A office buildings and other high profile building projects. When I asked both of these individuals where they begin their specification process, they both indicated that they would either go to the Bobrick website, or review Bobrick's products. I believe these encounters show that Bobrick and its products are well-known in the industry.

7.  Based on these conversations I understand that the general contractor for a particular building project may make recommendations for substituting one type of washroom accessory for another, but that such changes must be accepted by the architect or another person responsible for the construction project. The persons I interviewed noted that one consideration upon which the architect or another responsible person for the construction project would make the final decision would be if the substitution request affects the particular look or shape of the washroom accessory. In a case such as this, where the substitution of Roval

1  Line products for specified Contura Series® products does not change the look or
2  shape of the product, the architect may have no idea that a substitution has been
3  made.

*No Evidence Of Third Party Uses Of The Convex Arc*

8. I examined approximately two hundred forty-five (245) competing washroom accessory products from manufacturers such as A&J Washroom, Bradley Corporation, Franke and Tork. None of these competing products include any features which remotely resemble the Convex Arc which comprises Bobrick's registered and incontestable trade dress.

9. It is my opinion that ASI's claim that generic uses of convex front surfaces for washroom accessories are "rife within the industry" is not supported by the facts.

*No Evidence That Washroom Accessories Are Categorized By Shape*

10. I examined the ways in which washroom accessories are described in the industry. I found that the category names often used include "Recessed," "Semi-Recessed," "Surface-Mounted" in describing washroom accessories. I found no evidence that any of the terms "curved," "convex" or "convex arc" are used in describing a category of washroom accessories.

*No Evidence That The Convex Arc Is Generic*

11. Based on the facts that: (1) Bobrick's sought and obtained the '014 Registration (which is incontestable) protecting the Convex Arc trade dress, (2) washroom accessories are not categorized or described by shape, and (3) I found no other competing products that include any features that remotely resemble the Convex Arc trade dress, it is my opinion that there are sufficient facts to support a conclusion that Bobrick's trade dress is not generic, or the contrary position that no evidence found that would support any claim that Bobrick's trade dress is generic.

12. ASI's claim that a Toto hand dryer is evidence of a generic use of a convex front face in the industry is flawed. The Toto hand dryer does not have a

convex front face, but rather a flat front face with curved edges. Additionally, Bobrick does not manufacture hand dryers with the Convex Arc, and is not asserting any trade dress rights in the Convex Arc with respect to hand dryers. Accordingly, the Toto hand dryer does not change my opinion that there are no sufficient facts to support a conclusion that Bobrick's trade dress is generic.

13. In sum, I find that ASI has not produced one example of a competing commercial washroom product sold anywhere in the world which includes any features which remotely resemble Bobrick's Convex Arc trade dress. Accordingly, I find no facts or evidence which would support a conclusion that Bobrick's trade dress is generic.

*No Evidence That The Convex Arc Is Functional*

14. I have performed a factual investigation into ASI's claim that Bobrick's Convex Arc trade dress is functional. Particularly, I examined the factual basis for ASI's claims that the Convex Arc trade dress is essential to the use of the washroom accessory, and/or provide optimal storage capacity compared to a flat front washroom accessory.

15. I examined ASI's other product lines, including its Profile, Simplicity and Traditional Lines, and found that none of them include any features which remotely resemble the Convex Arc trade dress. If ASI's claim (that the Convex Arc is 'essential' for the proper use or operation of a washroom accessory) is true, then seventy-five percent (75%) of ASI's products would not operate properly (including all the products in the Profile, Simplicity and Traditional Lines).

16. I also examined the storage capacity of the Royal Line and Contura Series® products in comparison to comparable A&J Washroom products with flat front faces. The conclusion I reached was that the Royal Line and Contura Series® products have no greater capacity in comparison to comparable A&J Washroom products, and in some cases the comparable flat front A&J Washroom products actually hold more.

17. I also examined ASI's advertising for the Roval Line. I found that ASI's advertising by and large touts the aesthetic features of the Roval Line, and not any functional benefits, such as increased storage capacity or strength. In my opinion, if ASI truly believed there were functional benefits to the Convex Arc, it would have highlighted such benefits in its advertising.

18. Based on the facts that: (1) the Convex Arc is not essential to the use or operation of the washroom accessory, (2) the Convex Arc provides no greater capacity and (3) ASI touts the aesthetics of the Roval Line over the functional aspects, it is my opinion that there are sufficient facts to support a conclusion that Bobrick's trade dress is non-functional.

*A Likelihood Of Confusion Exists*

19. I have examined all of the *Sleekcraft* factors considered by courts in the Ninth Circuit, and have determined that there are more than sufficient facts to support a finding that a likelihood of confusion exists here.

20. With respect to the first factor (similarity of the marks), I find more than sufficient facts to support a finding that the Roval Line products copy identically or nearly identically Bobrick's Convex Arc trade dress, and thus this factor favors Bobrick. In making this determination, I examined the Roval Line and Contura Series® products side-by-side in person.

21. With respect to the second factor (similarity of the goods), it is my understanding based on the facts I have reviewed for this matter that there is no disputing the fact that Bobrick and ASI sell exactly the same goods under their respective Contura Series and Roval product lines. Both parties sell paper towel dispensers, waste receptacles, and toilet tissue dispensers as well as other washroom accessories such as sanitary napkin dispensers. Thus, this factor favors Bobrick.

22. With respect to the third factor (similarity of the trade channels), it is my understanding based on the facts I have reviewed that there is no dispute that

both Bobrick and ASI sell their respective Contura Series and Roval product lines through exactly the same channels of trade. Thus, this factor favors Bobrick.

23. With respect to the sixth factor (similar marks on similar goods), as noted above, I found no evidence, after reviewing about two hundred forty-five (245) competing washroom accessory products from manufacturers such as A&J Washroom, Bradley Corporation, Franke and Tork, of competing products having a front face that in any way remotely resembles Bobrick's Convex Arc trade dress. Thus, this factor favors Bobrick.

24. In conclusion, based on my factual investigation, it is my opinion that there are more than sufficient facts to support a finding that several of *Sleekcraft* factors favor Bobrick, and accordingly sufficient facts to support a finding that a likelihood of confusion exists here.

I declare under penalty of perjury that the foregoing is true and correct and this Declaration was made on October 11, 2011 in Chevy Chase, Maryland.

Robert M. Frank, Ph.D.
President
Illuminor, LLC